McKINNEY v. E. F. ROWSON & CO.

(Court of Civil Appeals of Texas. Galveston. Feb. 19, 1912. Rehearing Denied April 4, 1912.)

1. VENDOR AND PURCHASER (§ 85*) — RESCISSION OF CONTRACT—CONSIDERATION.

Where a person had paid the first installment on a contract for the purchase of land and was in possession thereunder, a forfeiture of his rights under the contract by delivering up the possession was sufficient consideration for the promise of the vendor to return the portion of the price paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 141–143; Dec. Dig. § 85.*]

2. CONTRACTS (§ 51*)—CONSIDERATION—LACK OF BENEFIT TO THE PROMISOR.

It is not necessary to the binding force of a contract that the promisor receives personal benefit therefrom, so that, though persons who promised to repay to one in possession under a land contract the sum paid on the purchase price in consideration of the surrendering of possession and of his rights thereunder, they are bound by their promise, though the original contract may have been made by them as agents of the owner of the land.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 223, 224; Dec. Dig. § 51.*]

Appeal from Cameron County Court; John Bartlett, Judge.

Action by C. G. McKinney against E. F. Rowson & Co. From a judgment of a justice for plaintiff, defendant appealed, and from a judgment of the county court, sustaining a general demurrer and special exceptions to plaintiff's petition, he appeals. Reversed and remanded.

Ira Webster and Oscar C. Dancy, both of Brownsville, for appellant. R. B. Creager and J. T. Canales, both of Brownsville, for appellee.

REESE, J. This is a suit instituted in the justice court by C. G. McKinney against E. F. Rowson & Co., a partnership composed of E. F. Rowson and A. C. Swanson, to recover $165, alleged to be the balance due on an express verbal contract made and entered into by and between plaintiff and said Rowson & Co. On trial in the justice court, plaintiff had judgment. Defendants appealed, and on trial in the county court

both parties filed amended pleadings. The court sustained the general demurrer and several special exceptions to plaintiff's petition, and upon his declining to amend, dismissed the case. Plaintiff appeals.

It was alleged, in substance, by plaintiff's petition that on or about the 9th day of April, 1908, he entered into a certain agreement with Rowson & Co., who were therein acting as agents of E. S. Hunt, for the purchase of a certain tract of land belonging to said Hunt. The contract was in writing, and was attached as an exhibit to the petition, from which it appears that Hunt agreed to sell to appellant, who agreed to purchase, two certain lots of land described in the contract, on the following terms: The price was to be $1,000. Appellant was to pay $240 in cash, and the balance was to be paid as follows, beginning one year from the date of the contract: Appellant was to pay $20 per month until $160 had been paid, at which time Hunt was to deliver a warranty deed, and appellant was to execute his three promissory notes for $200 each payable in one, two, and three years, and was to pay all taxes on the land. It was expressly agreed that "the time and terms of payment of the said sums of money, interest, and taxes as aforesaid is of the essence and the important part of the contract, and that, if any default is made in any of the payments and agreements," etc., the agreement should be void, and appellant should have no claim in law or equity to the land, and should forfeit all payments made and deliver up possession of the land.

It was further alleged: That it was, in fact, agreed that appellant should pay in cash $215, and that the statement in the contract that he was to pay $240 was a mutual mistake. It was averred that appellant paid the $215, which was accepted as the full cash payment agreed upon, and went into possession of the land. That on February 1, 1909, two months before the first deferred payment became due, appellant and appellees Rowson & Co. entered into an agreement, whereby appellant was to deliver up the written contract marked, "Canceled by mutual agreement," and was to surrender possession of the land and make no further payments on said land, nor do anything necessary to preserve his rights under the contract, in consideration of which the said E. F. Rowson & Co. were to pay him the sum of $215. That under the agreement appellant surrendered possession of the property, delivered up the written contract indorsed, "Canceled by mutual agreement," and refrained from making any further payments on the said land so as to preserve his rights under the contract. It was alleged that appellees had paid $50 of the said amount, but refused to pay the remainder of $165. These are the material

parts of the petition. To this petition appellees interposed a general demurrer and the following special exceptions:

"First. That said petition is insufficient in law to require these defendants to further answer herein, in that it appears plainly and unequivocally from the face of said petition that defendants were acting as agents of E. S. Hunt, and for the sole benefit of the said E. S. Hunt, and therefore the said E. S. Hunt, their principal, and not these defendants, his agents, is liable under the contract sued for by the plaintiff.

"Second. That said petition is insufficient in law, in that it appears plainly and unequivocally from the face of said petition that this suit is brought upon an oral contract or agreement for the rescission of a written executory contract for the sale of land, and is within the inhibition of the statute of frauds requiring that such contracts be in writing.

"Third. That the written memorandum of agreement relied on by the plaintiff, to wit, the words, 'Canceled by mutual consent,' is not sufficient to satisfy the statute because (a) said memorandum is not signed by the party to be charged therewith or by his duly authorized agent; (b) because it fails to sufficiently describe the subject-matter of the agreement or the land sold and conveyed by said agreement.

"Fourth. That said agreement is insufficient in law to require these defendants to further answer herein, in that it appears plainly and unequivocally from the face of said petition that this suit is brought for the specific performance of an oral contract or agreement for the rescission of a written executory contract for the sale of land, of which subject-matter the justice's court has no jurisdiction.

"Fifth. That said petition is insufficient in law, in this: that it appears from said petition that this suit is brought to enforce specific performance of a contract to rescind a written executory contract for the sale of land, and said petition fails to allege that plaintiff has complied with his agreement, and it does not appear from said petition that plaintiff is ready and willing to comply with his agreement by making a proper tender of a full performance of his agreement in order to entitle him to the remedy of specific performance."

The general demurrer and special exceptions were all sustained and the case dismissed.

By appropriate assignments of error appellant assails the ruling of the court in sustaining the demurrer and exceptions.

[1] The petition stated a good cause of action. The suit was in no sense one to rescind a contract for the sale of land. It may be true that the delivery up by appellant of the written contract to be canceled and the cancellation thereof by mutual consent did not have the effect to destroy the rights of appellant thereunder. Dial v. Crain, 10 Tex. 454; Erwin v. Daniels, 34 Tex. Civ. App. 378, 79 S. W. 62; Sanborn v. Murphy, 5 Tex. Civ. App. 509, 25 S. W. 460. But the contract sued on went further than a mere agreement to cancel the land contract. Appellant was in possession with the right of possession at least until he made default in payment of the purchase money under the contract. He delivered up possession. He had the right by making the payments called for by the contract to perfect his title and entitle himself to a warranty deed from Hunt. In consideration of the promise of appellees, he gave up this right, and agreed not to make such payments, whereby, under the terms of the land contract, he forfeited all of his rights thereunder. This was a sufficient consideration for the promise alleged to have been made by appellees, conceding that the delivery up of the paper had no effect on his rights. We are not prepared to say, however, that the delivery of the written evidence of his rights into the hands of appellees, thus depriving himself of the primary evidence of his right, would not be sufficient consideration of itself for appellees' promise. This, however, is not necessary for us to decide. The other facts referred to were a sufficient consideration, conceding that the delivery of the land contract and its attempted cancellation were ineffectual.

[2] It is contended that according to the allegations of the petition appellees were acting as the agents of E. S. Hunt, and, if there is any liability, it is upon him. It is clearly alleged in the petition that appellees promised and agreed to pay the $215. There is nothing to indicate that they were acting as agents of Hunt in doing so, or that it was their intention, or the understanding of appellant, that Hunt and not appellees should be bound. The fact that the contract was for Hunt's benefit and that appellees were to derive no benefit therefrom in no way affected the validity of the contract as to appellees or their liability thereunder. It is not necessary to the binding force of a contract that the promisor is to get any personal benefit therefrom, or that whatever benefit arises is to another person. It is a sufficient consideration that appellant gave up something, or suffered any detriment, by reason of appellees' promise. According to the allegations of the petition, appellees bound themselves personally for the payment of the money, and it does not affect their liability that they did so for the benefit of Hunt, and received no benefit themselves. These are familiar and well-settled principles of the law of contract, and do not need the citation of authority.

These are the only questions presented by the exceptions. The trial court erred in

sustaining the general demurrer and special exceptions.

The judgment is reversed and the cause remanded.

Reversed and remanded.