## SOUTHERN NAT. INS. CO. et al. v. COBB et al. (No. 5509.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1915. Rehearing Denied Dec. 1, 1915.)

1. INSURANCE ⬤⟿278 — FIRE POLICY — WARRANTY AS TO USE.

The provision in a policy insuring a building "while occupied as the Park Terrace Sanitarium" is not a warranty that the building will continue to be used as a sanitarium, in view of a ten-day vacancy clause and provision of the mortgage clause that a change to a more hazardous occupancy than the one mentioned in the policy would not affect the rights of the mortgage, indicating that it was contemplated that a change in occupancy, except to a more hazardous one, was permitted by the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 593; Dec. Dig. ⬤⟿278.]

2. INSURANCE ⬤⟿278, 279 — FIRE POLICY — "VACANT"—"OCCUPIED."

The usual distinction between vacancy and cessation of occupancy in a fire policy is that the first is used to indicate the removal of the furniture and individuals, and the second a change of the uses of the building—"vacant" meaning entire abandonment, deprived of contents, empty; and "occupied" implying an actual use by some person of such character as ordinarily pertains to the purpose to which the building is adapted or devoted.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 593, 594; Dec. Dig. ⬤⟿278, 279.

For other definitions, see Words and Phrases, First and Second Series, Occupied, Vacant.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by R. S. Cobb against the Southern National Insurance Company and others. From a judgment for plaintiff and parties impleaded, defendants appeal. Affirmed.

Templeton, Brooks, Napier & Ogden, of San Antonio, and Crane & Crane, of Dallas, for appellants. Boyle & Storey, McFarland & Lewright, and W. H. Kennon, all of San Antonio, for appellees.

FLY, C. J. This suit was instituted by R. S. Cobb against the Washington Fire Insurance Company, Spring Garden Insurance Company, Southern National Insurance Company, Scottish Union Insurance Company, and J. C. Lamkin to recover on two promissory notes, each for $1,000, and to foreclose a vendor's lien, said notes having been given to Mrs. W. E. Wright for an undivided one-half in a five-acre tract of land known as Park Terrace. It was alleged that the notes were due and unpaid, and that the insurance companies were claiming an interest in the land; that the companies had given policies of insurance on certain improvements on the land payable to J. C. Lamkin, with a mortgage clause in favor of Mrs

Fannie Blum as her interest might appear; that she held a mechanic's lien against said property, and when it was burned the insurance companies had paid the amount of her debt and claimed to have thus settled all for which they were liable on the policies. They pleaded the provisions of the policies, and contended that Lamkin had forfeited all his rights under the policies by reason of changing the uses to which the building was to be put and leaving it vacant for more than ten days. The court instructed a verdict for Cobb, Lamkin, and the Wrights, and upon the verdict judgment was rendered. For a more complete statement reference is made to the statement given on a former appeal of this case. Insurance Co. v. Cobb, 163 S. W. 608. The uncontradicted evidence showed that Lamkin did not breach any warranty in the policies of insurance, and that appellants were liable for the amount of the policies.

[1] It is the contention of appellants that the following language in the policies of insurance formed a continuing warranty:

"On the two-story, frame, shingle roofed building, including foundations, awnings (except cloth awnings), all permanent piping and fixtures, for heating, lighting and water service, while occupied as The Park Terrace Sanitarium situated," etc.

—and that the failure to use the same as "the Park Terrace Sanitarium" was a violation of the warranty, and, whether material or not, caused a forfeiture of the policies. It has been laid down as the rule in many cases that a clause in the application or policy stating the purpose for which the building is to be used is not a continuing warranty, but matter of description only, or, at the farthest, only a present warranty that the house is being so used. Cooley, Briefs Law Ins. p. 1624 et seq., and authorities cited. There are other authorities to the effect that the description of the uses to which the insured building is being put is a warranty merely in præsenti, and is not a continuing warranty that the building shall be so used, and the mere falsity of the representation is not material unless the failure to occupy the building as represented occasions the loss. Joyce, Ins. § 2101 et seq. A warranty that the building was being used as a sanitarium was not a warranty that it should be so used during the entire risk, or that the use or occupation should not be changed. There is no provision for forfeiture if the occupation was changed, or the house became vacant, but, on the other hand, the provision as to a ten-day vacancy indicates that it was within the contemplation of the parties that the building might become vacant or unoccupied for at least ten days. Again, it appears from the mortgage clause that it was contemplated that there might be a change in the occupancy without a forfeiture of the policies, unless the chang-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

ed occupancy of the premises was more hazardous than was permitted by the policy. If this was not in contemplation by the parties, it was utterly useless and unnecessary to provide that a change to a more hazardous occupancy than the one mentioned in the policies would not affect the rights of the mortgagee. The words "while used" might indicate that the policies should be in effect only during the time the building was used as "the Park Terrace Sanitarium," but such a construction is utterly inconsistent with the further provisions as to a ten-day vacancy and a more hazardous use or "occupation of the premises for the purposes more hazardous than are permitted by this policy." That inconsistency would at least raise doubts as to whether the descriptive words used in the policies were intended as a warranty, and such doubts would be resolved in favor of the insured. It must be held that vacancies and changes of occupancy were contemplated by the parties when the policies were executed, and, the evidence failing to show that the building had been vacant for ten days or had been occupied for more hazardous purposes, the court did not err in refusing to instruct a verdict for appellants and in instructing in favor of appellees. Ins. Co. v. Kempner, 87 Tex. 229, 27 S. W. 122, 47 Am. St. Rep. 99.

[2] The usual distinction drawn between vacancy and a cessation of occupancy is that the first is used to indicate the removal of furniture and individuals from a house, and the other a change of the uses of the building. Insurance Co. v. Brady, 41 S. W. 513; Insurance Co. v. Cobb, 163 S. W. 608. Under the weight of authority "vacant" means entire abandonment, deprived of contents, empty. "Occupied" implies an actual use by some person or persons, of such character as ordinarily pertains to the purpose to which the building is adapted or devoted. Cooley, Ins. Briefs, pp. 1663, 1664. The building in this case was never entirely abandoned for ten days, but at all times the furniture was retained and people lived in it, and, while, if it be admitted that it was not occupied for some time as a sanitarium, it was occupied as a home, which was not shown to be more hazardous than its occupancy as a sanitarium. The language of the policy further shows that a change of occupants could be made if it was done "without an increasing hazard," indicating that changes not only in occupancy, but in occupants, could be made if the hazard was not thereby increased.

Our views, as herein expressed, dispose of all the assignments. If change of occupancy and occupants would not forfeit the policies, unless the hazard was increased by the change, the eleventh and twelfth assignments cannot be sustained, for the reason that appellees would have the right to show that the hazard was not increased by the change,

and so bring the change within the terms of the contracts of insurance. We can see no valid objection to the evidence referred to in the thirteenth assignment of error.

The judgment is affirmed.

---

⬦⟵For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

