WESTERN ASSUR. CO. OF TORONTO, CANADA, v. BUSCH et al.
(No. 5906.)

(Court of Civil Appeals of Texas. Austin. March 27, 1918. Rehearing Denied May 1, 1918.)

1. INSURANCE ☞668(4)—TRIAL — DIRECTION OF VERDICT.

It is error to direct a verdict for insured if there is evidence that the premises were vacant, sufficient to make a jury question.

2. TRIAL ☞139(1)—DIRECTION OF VERDICT.

If it could reasonably be supposed that the minds of unprejudiced men of ordinary intelligence might differ, as to weight of testimony or the deductions therefrom, the question is for the jury.

3. INSURANCE ☞668(4)—FIRE POLICY—VACANCY—QUESTION FOR JURY.

Evidence, in action on fire policy, held insufficient to raise jury question as to whether premises insured were vacant at the time of the fire.

Error from McLennan County Court; Jas. P. Alexander, Judge.

Action by August A. Busch and others against the Western Assurance Company of Toronto, Canada. Judgment for plaintiffs, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error. Stribling & Stribling, of Waco, for defendants in error.

Findings of Fact.

JENKINS, J. On March 29, 1914, the plaintiff in error issued to the defendant in error a policy on a house in Mart, McLennan county, Tex., described in the policy as being used for the storage of ice and beer. Thereafter, before the expiration of the time for which the building was insured, it was totally destroyed by fire. The building had been so used prior to July, 1914, at which time local option was adopted in the precinct in which Mart is located, and at and for two years prior to the time of the fire it was used by the Mart Ice Company for the storage of salt and iron pipes. There were three or four tons of salt in the building at the time of the fire. The insurance agent had issued policies on this house when it was used for the storage of ice and beer, and subsequent policies contin-

ued to so describe it. This fact was doubtless overlooked by both the agent and the insured. The policy contemplated a change of use, provided such change did not render the risk more hazardous. There was no evidence that a building used for the storage of salt and iron pipes is a more hazardous risk than one used for the storage of ice and beer. The court instructed the jury to return a verdict for plaintiff. The defense was that the house was vacant at the time of the fire, and had been for more than ten days prior thereto.

Opinion.

[1] The controlling issue on this appeal is whether or not there was evidence as to vacancy of sufficient probative force to require the submission of that issue to the jury. If so, it was reversible error for the court to instruct a verdict. Lee v. Railway Co., 89 Tex. 588, 36 S. W. 63; Wallace v. Oil Co., 91 Tex. 21, 40 S. W. 399; Stevenson v. Pullman Co., 26 S. W. 112; Johnston v. Drought, 22 S. W. 290; Look v. Bailey, 164 S. W. 407.

[2] The test as to the conclusiveness of the evidence is, Could it reasonably be supposed that the minds of unprejudiced men of ordinary intelligence might differ about it, either as to the weight to be given to the testimony or to the deduction drawn therefrom? McCartney v. McCartney, 53 S. W. 390; Railway Co. v. Harris, 22 Tex. Civ. App. 16, 53 S. W. 600; Casualty Co. v. Nelson, 153 S. W. 676; Railway Co. v. Frazer, 182 S. W. 1161; Lee v. Railway Co., supra. If so, it is a question for the jury; if not, it is a question of law for the court. Lumber Co. v. Railway Co., 164 S. W. 404; Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658; Tel. Co. v. Burgess, 60 S. W. 1025.

[3] M. L. Elliott, who was working for the Mart Ice & Light Company at the time of the fire, and for four years prior thereto, testified:

"I should think there were three or four tons of salt in there at the time of the fire. * * * We were using this house for the purpose of storing salt. I was in and out of there every few days. * * * I remember the day the building burned; up to that time we were continually putting salt in there, and I was going in and out of there and using it for the purpose of salt, and also for the purpose of storing our pipe fittings for safety, where it could be cared for. We were using this continually in connection with our business. We were using it at the time it burned. * * * I suppose we had been using the building for the storage of salt there for a couple of years."

N. P. Gillespie, a citizen of Mart, also testified that the building had been used for the storage of salt.

The only other testimony on this issue was that of H. W. Edwards, a citizen of Mart, who was working at a gin near by, and who passed the building on Saturday before it was burned on Sunday night. On direct examination he testified that, "It was vacant;

it was empty." His cross-examination shows that he did not mean that it was vacant in a legal sense. He said:

"There was junk pipe there. The house was not empty. When I said a while ago that the house was empty, I did not mean there was nothing in it at all. I do not undertake to say there was nothing else in the house; there might have been something else in it; I did not investigate to see."

By "vacant" this witness evidently meant that he did not see anyone doing business in the house. He said:

"I meant I did not see anybody going in and out of the building working there. * * * While I was working there at the gin they might have been going in and out there doing business at that house. I do not undertake to state that they were not."

We do not think that the evidence of this witness, when taken as a whole, as against the testimony of Elliott, furnishes even a scintilla of evidence that the building was vacant at the time of the fire, or had been since the issuance of a policy. There is nothing in the record to cast suspicion on the testimony of either of the witnesses. In Ins. Co. v. Cobb, 180 S. W. 156, the court says:

"Under the weight of authority, 'vacant' means entire abandonment, deprived of contents, empty."

This language is to be construed in its ordinary significance. It does not mean, where the use to which a building had previously been put has been abandoned, that leaving a few worthless articles therein would prevent its becoming vacant. When, however, articles of substantial value are left or placed therein, the building cannot be said to be vacant.

No error appearing of record, the judgment of the trial court is affirmed.

Affirmed.