### WARREN v. PACE. (No. 6668.)

(Court of Civil Appeals of Texas. June 27, 1923.)

**Appeal and error ⬅623—Appeal without bond is not perfected until certificate of strict proof is filed, so that time for filing transcript runs from that time.**

Under Rev. St. art. 2098, authorizing an appellant unable to pay the cost of appeal to prosecute his appeal on making strict proof of his inability to pay the cost, which shall consist of appellant's affidavit, which may be contested, whereupon it shall be the duty of the court to hear evidence, the strict proof of inability to pay cost is essential to perfect the appeal, even if the affidavit is not contested, so that the time for filing the transcript dates from the filing of such certificate, where that was two days after the affidavit was filed.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Action between Joe Warren and W. A. Pace. Judgment for the latter, and the former appeals. On motion to strike out transcript. Motion overruled, and rehearing denied.

A. K. Doss and O. L. Parish, both of Ballinger, and J. H. Baugh, of Austin, for appellant.

Critz & Woodward, of Coleman, for appellee.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BLAIR, J. On a former day of this term we overruled appellee's motion to strike out the transcript and dismiss the appeal in this case, without a written opinion. Appellee, by his motion for a rehearing, insists that we erred in this former order. The ground urged for striking out the transcript and dismissing the appeal is that it is alleged that the record was filed 91 days after the date of filing the affidavit in lieu of a bond in the trial court.

The record shows that appellant was a resident of Coke county, Tex.; that the suit was filed and tried in the district court of Runnels county, Tex.; that the affidavit, in lieu of an appeal bond, was filed in the district court of Runnels county on the 26th day of September, 1922; that the certificate of the county judge of Coke county, certifying as required by article 2098, that appellant had made strict proof of his inability to pay the costs of appeal, or any part thereof, was filed in said district court of Runnels county on September 28, 1922; that the transcript of the record in the case was filed in this court on December 27, 1922, just 90 days after the date of the filing of the certificate of the county judge, in which he certifies that appellant had made strict proof of his inability to pay the costs of appeal, or any part thereof. Revised Statutes, art. 2098, is as follows:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

Appellee, in his motion, contends that the affidavit in lieu of the bond was sufficient, without the strict proof certificate of inability to pay the costs as required by the statute, to perfect an appeal, in the absence of a contest being filed or presented setting up the fact that no such certificate had been filed, and that the appeal was perfected on the date of the filing of the affidavit in lieu of the bond itself.

We do not agree with this contention, for both the affidavit in lieu of the bond and the certificate of the county judge certifying that strict proof of inability had been made before him by the party filing the affidavit must appear in the record, or the appellate court will be compelled to summarily dismiss the appeal for want of jurisdiction, either upon its own motion or upon the motion of the opposing party. This being true, we are of the opinion that the appeal is not perfected under this article until the affidavit, in lieu of the bond, is filed, together with a certificate of the county judge before whom the proof was made, certifying the fact that such proof had been made.

We find no case in Texas in which this exact point has been presented. We do find numerous cases in which the Courts of Civil Appeals, as well as the Supreme Court, have held that, where the record fails to disclose a certificate that strict proof had been made of the inability to pay the costs, or any part thereof, in addition to the affidavit in lieu of the bond, the court was without jurisdiction to hear the same, and the appeal would be dismissed, since it was held that the statute required this strict proof before an appeal would be perfected.

If the record had been presented to this court without the certificate of the county judge, filed on the 28th of September, 1922, it would have been the duty of this court, under the decisions herein cited, to have dismissed this case, whether or not a motion was filed, on the ground that the statute had not been complied with, authorizing an appeal by filing an affidavit in lieu of a bond, in that it would have failed to have shown that strict proof of this inability to pay had been made. We therefore overrule the motion for a rehearing, and hold that the right of appeal was not perfected in this case until the filing of the last instrument, that is, the certificate of the county judge, that strict proof of the inability to pay costs had been made before him. Horn v. M., K. & T. Ry. Co. (Tex. Civ. App.) 201 S. W. 1101; Ridling v. Fannin County (Tex. Civ. App.) 190 S. W. 252; Washington v. Harverty Furniture Co. (Tex. Civ. App.) 136 S. W. 832; Fletcher v. Anderson (Tex. Civ. App.) 145 S. W. 622; Wooldridge v. Roller, 52 Tex. 447; Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Bargna v. Bargna (Tex. Civ. App.) 123 S. W. 1143; Smith v. Queen City Lbr. Co. (Tex. Civ. App.) 129 S. W. 1145.

Motion overruled.