**HODGES et al. v. FRENCH et al.    (No. 3.)***

(Court of Civil Appeals of Texas. Waco.
Oct. 18, 1923. Rehearing Denied
Nov. 15, 1923.) .

**1. Appeal and error ⚖︎389(2)—Affidavit in lieu of appeal bond held sufficient.**

An affidavit in lieu of appeal bond, which properly described the judgment appealed from, reciting fact of exception thereto, notice of appeal, and that appellants desire to prosecute appeal, but neither were able to pay costs or give security, was sufficient, and recitals that affiants appeared in open court, and the certificate was sworn to in open court, did not render it void or ineffectual; such recital and certificate being immaterial, and could be rejected as surplusage and still leave the affidavit containing all the requisites of Rev. St. art. 2098.

**2. Appeal and error ⚖︎291, 719(6)—Trial ⚖︎ 181—Objections to charge before reading to jury inapplicable to peremptory instructions, and motion for new trial and assignment of error not necessary to review.**

While Rev. St. art. 1971, as amended by Laws 1913, c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), requires that all objections to .charge shall be presented before it is read to the jury, else it will be considered waived, it does not relate to a peremptory instruction taking the case from the jury, nor in such case is appellant required to file motion for new trial or assignments of error in the trial court.

**3. Trial ⚖︎139(1)—When issue should be presented to jury stated.**

It is only where reasonable and ordinary minds arrive at a different conclusion on any issues of fact 'that such issue should be submitted to the jury.

**4. Wills ⚖︎55(1), 166(1)—Neither insanity of testator nor undue influence proved.**

Held, under the evidence, that neither testator's insanity nor undue influence was proved.

**5. Appeal and error ⚖︎281(1), 719(1)—Only fundamental error considered without motion for new trial or assignment of error.**

In the absence of motion for new trial or assignment of error filed in the trial court, the only error the appellate court can consider is fundamental error.

**6. Appeal and error ⚖︎672—Ruling on question of introduction of testimony not fundamental error.**

Ruling of a court on question of introduction of testimony, if error at all, is not fundamental.

**7. Appeal and error ⚖︎745 — Requirement of statute as to filing assignment of error mandatory.**

The requirement of Rev. St. art. 1612, as to filing of assignments of error on rulings as

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 2, 1924.

to introduction of testimony is mandatory. Court rules 32, 29, 101, 101a.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

In the matter of the Estate of R. E. French, deceased. Contest by Mrs. Dolly Hodges and husband against Charles French and others. Judgment for defendant, and plaintiffs appeal. Affirmed.

Will Hancock, of Waxahachie, Frazier & Averitte, of Hillsboro, for appellants.

Wear, Wood & Wear, of Hillsboro, for appellees.

SPIVEY, J. This is a proceeding to probate the will of one R. E. French, instituted by appellees. Appellants filed in the county court their contest of the application to probate, and upon hearing the will was admitted to probate and contestants appealed to the district court, where, upon hearing and trial before a jury, an instructed verdict in favor of proponents was rendered, and judgment accordingly.

[1] In this court, appellees, who were proponents in the court below, have filed motion to dismiss the appeal upon the ground that the affidavit in lieu of appeal bond is wholly insufficient to confer jurisdiction on this court. The affidavit, omitting formal parts and parts not necessary to be considered herein, is as follows:

"Before me, the undersigned authority, county judge of Navarro county, Texas, on this 26th day of April, 1922, in open court personally appeared Mrs. Dolly Hodges and her husband, E. C. Hodges, each known to me to be residents of Navarro county, Texas, and each of whom after having been by me duly sworn, on their oaths say each for herself and himself, respectively."

The affidavit then properly describes the judgment appealed from, and recites the fact of exception to the judgment, notice of appeal, and then continues:

"And from which judgment the said Mrs. Dolly Hodges, joined by her husband, E. C. Hodges, desire to prosecute an appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas; and that neither the said Mrs. Dolly Hodges, nor her husband, E. C. Hodges, nor both of them together, are able to pay the costs of appeal, or any part thereof, or give security therefor, and that they, and each of them, are unable to pay the costs of appeal, or any part thereof, or to give security therefor."

The affidavit further recites that they reside in Navarro county, Tex., and is signed by them, after which is the following jurat:

"Subscribed and sworn to before me by Mrs. Dolly Hodges and E. C. Hodges, her husband, each for herself and himself, respectively, on this 26th day of April, 1922, A. P. Mays, County Judge of Navarro County, Texas. [Seal.]"

Then follows certificate of the county clerk of Navarro county on the same date, to the effect that the foregoing affidavit was signed and sworn to in open court before the above-named county judge, who is certified to have been then the duly qualified and acting county judge of Navarro county, Tex.

Stated briefly, the contention of appellees is that, in the foregoing affidavit, or in some proper character of certificate of the county judge in connection therewith, there should appear a statement or adjudication of finding by the county judge that he heard and determined the issue as to the ability or inability of appellants to give security for costs; and that the mere fact that the affidavit was sworn to before the county judge, who affixed his jurat in the ordinary form as shown above, is not sufficient to confer jurisdiction upon this court. Appellees also further present that the affidavit is fatally defective because made by appellants before the county judge in open court, contending that therefore the act of the county judge, in swearing the parties and affixing his jurat, was purely a clerical matter, in no way involving judicial discretion or passing upon and certifying that the makers of the affidavit were not able to give security or pay.

Article 2098 of the Revised Statutes provides that the person seeking to avail himself of the article shall be required to make strict proof of his inability to pay the costs, or any part thereof, or give security therefor, and that such proof may be made before the county judge of the county where such party resides, and shall consist of the affidavit of said party, stating his inability to give security or pay. The statute then provides for contest of this affidavit by the opposite party, and the place and tribunal where this contest shall be made.

We are of the opinion that the motion is not well taken, and, having stated fully, as we believe, the grounds of the motion and the pertinent contents of the affidavit, we think it is only necessary to refer briefly to the authorities which we think sustain the above ruling. Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Green v. Hewett, 54 Tex. Civ. App. 534, 118 S. W. 170; Wooldridge v. Roller, 52 Tex. 447; Currie v. M., K. & T. Ry., 101 Tex. 478, 108 S. W. 1167; Cox v. Wright (Tex. Civ. App.) 27 S. W. 294; Hart v. Wilson (Tex. Civ. App.) 156 S. W. 520.

Nor does the recital in the affidavit that affiants personally appeared in open court, nor the certificate of the clerk that the affidavit was sworn to in open court, render the affidavit void or ineffectual as a mode of appeal. This recital and certificate were immaterial, and can be rejected as surplusage and still leave the affidavit containing all the requisites prescribed by the statute, and do not render the affidavit insufficient for the purpose for which it was made, that of prosecuting the appeal. It could be true

that the affidavit was made in open court, but it would not necessarily follow that the judge was then actually engaged in transacting the business of a court; but, even if so, we are not prepared to hold that such fact would render the affidavit insufficient.

The cases cited by appellees, who contend for the motion, are not, we·think, applicable to the facts of this case. In all of them, except one, the affidavit was made before a notary or clerk, and the affidavit does not appear ever to have been presented to or passed upon by the county judge nor by the court which tried the case.

In the case excepted above (Warren v. Pace, 253 S. W. 632), we cannot determine from reading the opinion· before whom the affidavit was made, whether before a notary or a clerk or some other officer than the county judge. In the light of the decisions cited above, we are inclined to hold that the affidavit in the Warren Case must have been made before some other officer than the county judge, and that it was then presented to him, who, either at the time or later, legally satisfied himself and determined as to the inability of appellants to give security or pay, and that thereupon he issued his certificate to that effect. To hold otherwise would render that decision in conflict with what we conceive to be the holding of the Supreme Court on the subject. The motion is overruled.

[2] Appellees, who were proponents in the court below, also object to the court considering the first five propositions of appellants, because no assignments of error nor motion for new trial were filed in the lower court as prescribed by statute.

It appears from the record that a jury was impaneled and evidence introduced by both parties, and thereafter the court instructed the jury to return a verdict in favor of proponents, which the jury did, and that appellants excepted to the giving of the peremptory instruction; this exception being general. After reciting the fact that the court had prepared the instruction and had determined to give it, the exception concludes, "to which ruling of the court contestants then and there in open court excepted."

The record· discloses that no assignments of error nor motion for new trial were filed in the lower court. The brief of appellants does not contain any formal assignments of error, but we think it sufficiently appears therefrom that the first five propositions are directed against the action of the court in giving the peremptory instruction.

While article 1971 of the Revised Civil Statutes, as amended by Laws 1913, c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. Supp. 1914, art. 1971), requires that all objections to the charge shall be presented to the court before the charge is read to the jury, else will be' considered waived, yet it has been settled, we think, by the Supreme Court that this provision was not intended to relate and does not relate to the giving of a peremptory instruction taking the case entirely from· the jury; nor in such case is the appellant required to file motion for a new trial or assignments of error in the trial court. We do not deem it necessary to undertake to give any additional reasons for this holding, further· than are given in the authorities cited below. There have been conflicting decisions upon the question by several Courts of Civil Appeals, but the Supreme Court has passed upon the matter, and our holding herein is in accordance with its decisions. Walker v. Haley, 110 Tex. 50, 214 S. W. 295; Shumaker 'v. Byrd, 110 Tex. 146, 216 S. W. 862; Decker v. Kirlicks, 110 Tex. 90, 216 S. W. 385.

The objection of appellees to this court considering the propositions in brief of appellants relating to the giving of the peremptory instruction is therefore overruled.

This brings us to a consideration of the evidence, in order· to determine whether or not the trial court erred in peremptorily instructing the jury.

Appellants, in their answer, contested the probate of the will upon the grounds that testator did not possess sufficient mental capacity to make a will, and that undue influence was exerted upon him in the making of it.

The propositions relied upon by appellants as showing that the court erred can be briefly stated as follows: That in a will contest the burden of proof is upon proponents to show that testator was of sound mind and disposing memory at the time the alleged will was executed, and that the jury should be permitted to pass upon the testimony and the credibility of the witnesses upon such issue, and that the jury should have been allowed to consider the evidence offered by contestants, however weak, and that likewise the jury should have been allowed to pass upon the issue of undue influence.

[3] It becomes our duty to determine from the evidence whether there was a question of fact raised under the above two issues, or whether or not it can be said that the evidence was of such character that there was no room for ordinary minds to differ as to the conclusion to be drawn from it, or, in other words still, it is only where reasonable and ordinary minds might arrive at a different conclusion on any issue of fact, that such issue should be submitted to a jury. Daugherty v. Wiles (Tex. Com. App.) 207 S. W. 900; Western Assurance Co. v. Busch (Tex. Civ. App.)· 203 S. W. 460, and authorities therein cited.

In the last-mentioned case it is said:

"The controlling issue on this appeal is whether or not there was evidence as to vacancy of sufficient probative force to require the submission of that issue to the jury. If so, it

was reversible error for the court to instruct a verdict. * * * The test as to the conclusiveness of the evidence is, could it reasonably be supposed that the minds of unprejudiced men of ordinary intelligence might differ about it, either as to the weight to be given to the testimony or to the deduction drawn therefrom?"

[4] In the case at bar, both of the subscribing witnesses to the will testified in person in the county court, and such testimony was reproduced in the district court from that record. The two subscribing witnesses were not interested witnesses within the meaning of the law, and from a reading of their testimony it does not appear that either was taking any undue interest in the case, but rather it appears that they were endeavoring simply to state the facts as best they remembered them after the lapse of 14 years. Both of them had known deceased for a good many years, though not intimately, and one of them testified, after stating the facts, that in his judgment the testator was of sound mind at the time he executed the will. There is no evidence that any of the beneficiaries were present at the time the will was drawn and executed, nor is there any evidence whatever that any influence was exercised or attempted to be exercised at that time or any other. It is to be noted, too, that contestants were in court asserting their rights, and there is no direct testimony which tended to show that testator was of unsound mind, or that he was in any manner influenced in the making of the will. Also, one J. W. Rich testified as a witness for contestants that, in 1911, which was some four years after the will was executed, he was on friendly terms with deceased and conversed frequently with him. No question appears to have been asked this witness upon either of the issues upon which the case is presented to us.

E. C. Hodges, the husband of contestant, Mrs. Dolly Hodges, also knew testator and testified, on behalf of contestants, that he knew testator in 1911, and was with him a few times after that. He does not state any fact or give any opinion tending to show that testator was then of unsound mind nor tending to show that he might have been influenced in the making of the will.

Contestant Mrs. Dolly Hodges was a daughter of the deceased. Whether he knew this fact or not at the date of the will does not appear from the evidence. Mrs. Carey Ashley, one of the beneficiaries and sister-in-law of the testator, testified in behalf of contestants to the effect that she and the other two beneficiaries, John and Charles French, sister and brothers of the testator, and a great many years younger than testator, that they all lived with testator in their childhood days but that testator lived with witness the last four years of his life, and that up until that time she lived with him and kept house for him and that for the last four years of his life he lived with her. She also testified that she remembered when testator and the mother of Mrs. Dolly Hodges were married; that witness and testator were living in Ellis county at the time, and that testator brought his wife to their house and all lived together; that Mrs. Dolly Hodges was not then born; and that, while testator and his wife were living there in the house with beneficiaries, testator and his wife separated and the wife left, and witness thought that some two or three years later they were divorced.

The testimony of Charles W. French, one of the beneficiaries, given in the county court was read in evidence by contestants, substantially to the effect that he was about 10 or 12 years old when testator and his wife were married, and that after the marriage they lived together only a few months and then separated, and that contestant Mrs. Dolly Hodges was born after this, and that, after the separation, the witness never saw the mother of Mrs. Dolly Hodges in that vicinity, that it was several years after Mrs. Dolly Hodges was born before witness ever met her, and that he did not know how long it was before testator saw her, but that he saw testator with his daughter at testator's home "years afterwards," and that the girl was grown and married then. The witness had never seen testator with his child before that, and had never heard testator discuss his daughter before that or mention her, and that up to the time witness met Mrs. Dolly Hodges witness did not know that his brother was her father.

The evidence is reproduced rather fully above, because contestants contend that it was unnatural on the part of the testator to disinherit his daughter, and that therefore contestants should have been given the right to present this matter to the jury upon the issue of mental capacity and undue influence.

We are constrained to hold that this testimony was not sufficient to affect either of the above mentioned issues, and that it did not present such an issue as that unprejudiced men of ordinary intelligence would likely differ upon the facts to be found.

It also appears from the evidence that testator was much older than beneficiaries, his brothers and sister, and that he practically raised them, and that they either lived with him or he with some of them continuously from before his marriage until his death. The record does not show that testator even knew of the existence of his daughter at the time the will was written; and, if he learned of it afterwards, yet he did not change the beneficiaries in his will, but permitted his will to stand.

We cannot see how the facts above recited would tend even remotely, or to any extent, to show that testator was of unsound mind at the time the will was written or at any other time; or that any influence was

exerted upon him, either due or undue, in making the disposition which he did make of his property.

We find nothing in the record tending to cast suspicion or doubt upon the matter of the due execution of the will, nor upon the lack of mental capacity of the testator at the time, nor as to any influence exerted or attempted to be exerted upon that act.

[5-7] In several bills of exception, appellants attack the rulings of the court upon refusal to allow them to prove certain facts. We are not authorized to consider these bills of exception nor error predicated upon them, because, as stated hereinbefore, they are not properly presented. There was no motion for new trial nor assignments of error filed in the trial court. It needs no citation of authorities to justify the holding that the ruling of a court upon questions of introduction of testimony, if error at all, is not fundamental error, which is the only error we are authorized to consider, in the absence of these steps in the trial court. The requirement of the statute as to filing assignments of error upon such matters is mandatory. R. S. art. 1612; McGrew v. Hoy (Tex. Civ. App.) 234 S. W. 686, and authorities cited; Ætna Accident, etc., Co. v. Trustees (Tex. Civ. App.) 218 S. W. 537; rule 32, 229 S. W. p. vii; rule 101, 142 S. W. p. xxiv; rule 29, 142 S. W. p. xii; rule 101a, 158 S. W. p. x.

We are of the opinion that the giving of the peremptory instruction was proper in this case under its facts, and the judgment of the trial court is therefore affirmed.