## W. E. CALLAHAN CONST. CO. v. COMPERE. (No. 367.)

(Court of Civil Appeals of Texas. Waco. May 27, 1926.)

**1. Trial ⊙⟿142.**

If there is any issue under pleadings supported by · evidence about which reasonable minds may differ, trial court must submit case to jury.

**2. Sales ⊙⟿88—In action for balance due for groceries sold construction company, evidence held for jury on question whether plaintiff agreed to furnish groceries and accept tax receipts from levee district in payment, if construction company would proceed with levee work.**

In action for balance due for groceries sold construction company, evidence *held* for jury on question whether plaintiff agreed to furnish groceries and to accept tax receipts from levee district in payment, if the construction company would proceed with levee work.

**3. Contracts ⊙⟿50.**

Any benefit to promisor, or any loss or detriment to promisee, is sufficient consideration for promise.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by W. D. Compere against the W. E. Callahan Construction Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

Looney & Stout, of Ennis, and C. M. Supple, of Waxahachie, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant to recover a balance of $1,870.89 due for groceries which he claimed he had sold and delivered to it dur-

ing the months from September, 1921, to January, 1922, inclusive. Appellant answered by a general denial, and a special answer alleging, in substance, that it did not purchase from or promise to pay appellee for the groceries, but that the same were delivered· to it by virtue of an agreement which appellee made with the supervisors of Ellis County levee improvement district No. 3, under the terms of which appellee agreed to and did deliver 'the groceries to appellant in consideration of the fact that the levee improvement district agreed to and would pay appellee therefor by giving him credit for the taxes which he was due the levee improvement district, and that there was no agreement or understanding that appellant was to pay appellee for same, but that same were to be paid for by the levee improvement district. Appellant alleged that it was to and did accept the groceries as delivered to it in payment for work done by it for the levee improvement district.

Appellee, in reply to appellant's answer, denied that any such agreement was made, and alleged, in substance, that the only agreement he had with appellant was to furnish the groceries and to accept in payment therefor his tax receipt from the levee improvement district, which he alleged appellant, as well as the supervisors of the levee improvement district, agreed to deliver to him in consideration of his furnishing the groceries to appellant, and he·alleged that the tax receipts were not furnished, and that same could not be furnished, because it was contrary to law, and that by reason thereof the contract was void, and that the consideration for the agreement had failed. The cause was tried to a jury, and at the conclusion of the testimony the trial court instructed a verdict for appellee for the amount sued for.

[1] The question for determination on this appeal is whether there was sufficient evidence for the cause to be submitted to the jury. The trial court in its judgment does not suggest the theory on which the instructed verdict was given. If there is any issue drawn by the pleadings and supported by the evidence about which reasonable minds may differ, the trial court is required to submit said controverted issues to the jury. Daugherty v. Wiles (Tex. Com. App.) ·207 S. W. 900; Hodges v. French (Tex. Civ. App.) 256 S. W. 662; Western Assurance Co. v. Busch (Tex. Civ. App.) 203 S. W. 460.

[2] Appellant contends that under the pleadings and evidence the issue was drawn as to whether appellee agreed to and did furnish the groceries in question to it at the request and on behalf of the supervisors of Ellis County levee improvement district No. 3, and whether appellee at the time of furnishing same agreed to and did furnish them in consideration of the fact that the appellant would and did thereafter do construc-

tion work on the levee for said district. We sustain these contentions. The record shows. that appellant had contracted to .build the levee in said district, to be paid for as the work progressed, and that before it·had been completed the district had exhausted its funds. There is evidence tending to show that part of the original bond money had been used to pay the interest and sinking fund, thereby depleting the funds available for the construction of the levee. The evidence further tends to show that appellant notified the supervisors of the levee district that, unless he was assured of getting its' payments, it would abandon the work. .

At said time appellee was indebted to the levee district for taxes for 1920 and 1921 on 210 acres of land which he owned within said district, in a total sum of $1,870.89, the amount of appellee's claim, and the evidence tends to show that by an agreement of all parties, appellant, appellee, and the supervisors, it was agreed that appellee, who was in the grocery business and had been selling groceries to appellant, would furnish him that amount of groceries, and that the supervisors would give appellee credit for the taxes due by him, and that appellant, in consideration thereof, agreed to and did complete the levee, and received in part payment therefor said amount of groceries, and the levee district issued to appellee a voucher for said amount. It appears that after the groceries had been furnished, and after appellant had completed the work, a tax receipt was issued by the tax collector to appellee on delivery of said voucher; that the voucher was taken to the treasurer, and its payment refused for lack of funds, and the tax collector canceled the tax receipts.

[3] The question as to the validity of the tax receipts which were issued by the tax collector to appellee' for his taxes due the levee district is not involved in this litigation. If as a matter of fact appellee agreed to and did furnish the groceries to appellant under and by virtue of the terms of a contract which he made with the levee improvement district to furnish same to appellant, in consideration ' of the fact that appellant would complete or continue to work on the levee, and if, in furtherance thereof, appellant thereafter did on the strength thereof do actual work on the levee, said contract, as between appellant and appellee, would be binding, and the work performed by appellant on the levee after said contract was made would be a sufficient consideration moving from it to bind appellee to the extent that he furnished appellant groceries after the contract was made. If the contract was made, and the groceries were furnished, and the work was done, appellee could not then require appellant to pay for the groceries delivered' to and accepted by him' under the terms of said contract. It is the well-established rule of law that there is a sufficient

consideration for a promise, if there is any benefit to the promisor or any loss or detriment to the promisee. 13 C. J. 315; 6 R. C. L. 654; Keitt v. Gresham (Tex. Civ. App.) 174 S. W. 884; Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S. W. 1101; McKinney v. Rowson & Co. (Tex. Civ. App.) 146 S. W. 643.

The judgment of the trial court is reversed, and the cause remanded.