## PHŒNIX ASSUR. CO., LIMITED, OF LONDON v. SHEPHERD et ux.

### No. 10553.

Court of Civil Appeals of Texas. Galveston.

April 7, 1938.

Rehearing Denied April 28, 1938.

Bryan & Bryan, of Houston, for appellant.

Fulbright, Crooker & Freeman, of Houston (Paul Strong, of Houston, of counsel), for appellees.

GRAVES, Justice.

The appellant—after inspecting and classifying it as a dwelling for that purpose—issued the fire insurance policy on the appellees' house herein sued upon; while such policy was in force, that is, on July 25 of 1933, the house, known as 1521 Fulton street in the city of Houston, was directly damaged, in a sum equal to that herein awarded therefor, by a fire of incendiary origin, the resulting loss to them (without their knowledge or fault at the time) having conclusively been shown to have come within the general liability clauses of the policy sued upon, to the negation and exclusion of all the exceptions to liability therein contained.

The appellees, in seeking the recovery of such loss against the appellant herein, were met by its denial of liability on the policy on the claim that the house had in fact been vacant for more than 10 days at the time of the fire, hence it had become released by a violation of this express provision in the insurance contract: "This entire policy * * * shall be void * * * if the building herein described be or becomes vacant and so remain for a period exceeding ten (10) days; or, if a dwelling, be or become vacant for a period exceeding ten (10) days, or unoccupied for a period exceeding thirty (30) days."

So, the controversy raged around that question, which the parties directly joined issue upon under both pleadings and proof; the learned trial court, deeming that to be the only issue of fact so raised between them, submitted it only to a jury upon these two inquiries:

(1) Whether the house had been so vacant for more than 10 days, with this definition: "The word 'vacant,' as used herein, means empty, that is, without contents of substantial value."

(2) Whether the house had so been unoccupied for more than 30 days before the fire, an appended definition thereto being this: "The term 'unoccupied,' as used herein, means without persons using the same for the purposes for which it was adapted."

The jury having answered each of these inquiries, "It was not," a judgment in appellees' favor against the appellant for an agreed amount of damage to the building in the sum of $1,622.54 followed; from that award this appeal by the insurer proceeds,

its brief in this court thus aptly reducing to its ultimate the problem herein that has been laid by the parties on this court's doorstep: "This case, basically, has but one question involved, and that is: Do the facts in this record, much of which are undisputed, show that a vacancy occurred for more than ten days prior to the fire in the property involved in this suit, as the term 'vacant' is used in the policy here sued on."

The appellees, likewise, acquiesce in that reduction, and in doing so properly assume—what the record otherwise plainly makes manifest, that is, that the appellant has made no objection upon this appeal to the submission of the quoted special issue No. 2 to the jury, nor to the negative answer returned thereon—such failure to pursue that feature amounting to an implied concession that the house was conclusively shown not to have been so "unoccupied" for more than 30 days before the fire. Wherefore, it would be a work of supererogation to go beyond the one bone of contention so mutually agreed upon, and that will not be done, except incidentally.

At the outset, the appellees object to this court's consideration of a number of appellant's assignments and propositions, upon the ground that they are not in conformity to the statutes and rules applying in such circumstances. While it seems clear that several of these criticisms are well taken, no specific ruling will be made upon them, under the further conclusion that the appellant does in other assignments raise the structural questions upon which it is determined this appeal should be disposed of.

The two issues submitted, with the accompanying definitions, imply the underlying theory upon the trial court's part that, under such a fire insurance policy as this one, both of them having been used in the verbiage thereof, the terms "'vacant' and 'unoccupied' are not synonymous. 'Vacant' means without inanimate objects; 'unoccupied' means without animate occupants." Not only so, but further, that these two terms being thus an express part of the fire insurance contract, having to do with a specific kind and class of property, constituted legal terms that called for, under our statute, R.S. art. 2189, a definition thereof to the jury.

This court not only agrees with those implications, but further holds them each to have been well grounded, under these

authorities and decisions. 26 Corpus Juris 212; 14 Ruling Case Law 1103; Cooley's Briefs on Insurance, 2 Ed., vol. 3, p. 2566; Southern Nat. Ins. Co. v. Cobb, Tex.Civ. App., 180 S.W. 155, writ of error refused; 4 Couch, Cyclopedia of Insurance Law, p. 3407; 14 Ruling Case Law 1104; Transcontinental Ins. Co. v. Frazier, Tex.Civ. App., 60 S.W.2d 268.

■ Furthermore, the finding of the jury, and the amply supporting evidence in the record, having established that there were articles of substantial value in the appellees' house at all times during the crucial period here involved, that is, from July 2 of 1933, when their tenant, Dickey, moved out, to July 25 of 1933, when the fire occurred, the court's instruction to the jury that, in such circumstances, "The word 'vacant,' as used here, means empty, that is, without contents of substantial value," was correct. Agricultural Ins. Co. v. Owens, Tex.Civ.App., 132 S.W. 828; Western Assurance Co. v. Busch, Tex.Civ.App.; 203 S. W. 460; Southern Ins. Co. v. Cobb, Tex. Civ.App., 180 S.W. 155, 156, writ of error refused; Republic Ins. Co. v. Watson, Tex. Civ.App., 70 S.W.2d 441.

■ Indeed, upon the one question thus dominating this appeal—whether a vacancy of the property for more than 10 days within the meaning of the policy was shown— the law, upon facts not in legal effect different, was long ago declared by this court in the Owens Case, supra, and is epitomized in 3 Cooley's Briefs on Insurance, 2 Ed., at page 2574, in this language: "Bearing in mind the definition of 'vacant', that it means deprived of contents, empty, we can readily perceive that the basis of the principle that, though the occupant has removed from the house, if he has left his furniture and household goods, or a substantial part therein, the house is not vacant within the meaning of the condition." That holding, it is thought, meets every substantive contention to the contrary advanced by the appellant herein. The same principle seems to have been applied in these further causes: German-American Ins. Co. v. Evants, 94 Tex. 490, 62 S.W. 417; Western Assur. Co. v. Busch, Tex.Civ.App., 203 S.W. 460; Fireman's Ins. Co. v. Reynolds, Tex.Civ. App., 85 S.W.2d 826; Republic Ins. Co. v. Watson, Tex.Civ.App., 70 S.W.2d 441.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require that the judgment be affirmed, and it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.