PHOENIX ASSURANCE COMPANY, LIMITED, OF LONDON V. L. T. SHEPHERD ET UX.

No. 7445. Decided March 20, 1940.
Rehearing overruled April 24, 1940.
(137 S. W., 2d Series, 996.)

*Bryan & Bryan,* of Houston, for plaintiff in error.

Under the terms of the policy of insurance, the house was vacant at the time of the fire and the company was not liable. Agriculture Ins. Co. v. Hamilton, 82 Md. 88, 51 Am. St. Rep., 457; Limberg v. German Fire Ins. Co., 90 Iowa 709, 48 Am. St. Rep., 468; 14 R. C. L. 1103, Sec. 282.

*Fulbright, Crooker & Freeman,* of Houston, for defendants in error.

Under the proviso under consideration, the house was not at the time of fire classed as being vacant, but still contained articles of furniture and clothing. The policy was therefore still effective. First Texas Prudential Ins. Co. v. Ryan, 125 Texas 377, 82 S. W. (2d) 635; American National Ins. Co. v. Jones, 83 S. W. (2d) 428; 26 C. J. 212.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals Section B.

L. T. Shepherd et ux sued Phoenix Assurance Company, Ltd., of London to recover upon a fire insurance policy covering a house situated at 1521 Fulton Street in the City of Houston.

The insurer defended upon an alleged breach of the following provision of the policy: "This entire policy shall be void if the building described be or become vacant and so remain for a period exceeding ten days or if a dwelling be or become vacant for a period exceeding ten days or unoccupied for a period exceeding thirty days."

Issues were submitted to a jury and determined in favor of Shepherd et ux. Upon such verdict a judgment was rendered

against the insurance company. On appeal the Galveston Court of Civil Appeals affirmed the judgment. 115 S. W. (2d) 992. The insurance company was granted writ of error.

The question to be determined is whether under the evidence the house was vacant for a period exceeding ten days so as to avoid the policy under the quoted provision thereof.

The house was used as a dwelling and as a boarding house. Tenant Dickey moved out of the house on July 2, 1933. The fire occurred on July 25, 1933. Thus it is clear that the provision as to occupancy does not apply. When the tenant moved out of the house there was left an old trunk with various articles of clothing contained therein which belonged to the tenant. In addition to the trunk there was left in the house the following property which belonged to the owner Shepherd. A number of chairs, tables, dishes, cooking utensils, two ice boxes and a gas heater. Such property was estimated to be of the value of $150.00 to $200.00 according to the various witnesses.

This Court, by refusing the application for writ of error in the case of Southern National Insurance Company v. Cobb 180 S. W. 155, approved the following definition of the word "vacant" as used in a fire insurance policy. "Vacant" means entire abandonment, deprived of contents, empty. The words "vacant" and "unoccupied" are not synonymous as used in the policy in the present case. The trial court, in submitting the issue of vacancy to the jury, having defined the term substantially in accordance with the above approved definition, we are unable to say, as a matter of law, that the above evidence does not support the finding of the jury that the house was not vacant within the quoted provision of the policy. It follows therefore that the judgments rendered by the lower courts must be affirmed.

Opinion adopted by the Supreme Court March 20, 1940.

Rehearing overruled April 24, 1940.