The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court.

**PHOENIX ASSUR. CO., LIMITED, OF LONDON v. SHEPHERD et ux.**

**No. 1811—7445.**

Commission of Appeals of Texas, Section B.

March 20, 1940.

Bryan & Bryan, of Houston, for plaintiff in error.

Fulbright, Crooker & Freeman and Paul Strong, all of Houston, for defendants in error.

SLATTON, Commissioner.

L. T. Shepherd et ux. sued Phoenix Assurance Company, Ltd., of London to recover upon a fire insurance policy covering a house situated at 1521 Fulton Street in the city of Houston.

The insurer defended upon an alleged breach of the following provision of the policy: "This entire policy shall be void if the building described be or become vacant and so remain for a period exceeding ten days or if a dwelling be or become vacant for a period exceeding ten days or unoccupied for a period exceeding thirty days."

Issues were submitted to a jury and determined in favor of Shepherd et ux. Upon such verdict a judgment was rendered against the insurance company. On appeal the Galveston Court of Civil Appeals affirmed the judgment. 115 S.W.2d 992. The insurance company was granted writ of error.

The question to be determined is whether under the evidence the house was vacant for a period exceeding ten days so as to avoid the policy under the quoted provision thereof.

The house was used as a dwelling and as a boarding house. Tenant Dickey moved out of the house on July 2, 1933. The fire occurred on July 25, 1933. Thus it is clear that the provision as to occupancy does not apply. When the tenant moved out of the house there was left an old trunk with various articles of clothing contained therein which belonged to the tenant. In addition to the trunk there was left in the house the following property which belonged to the owner Shepherd: A number of chairs, tables, dishes, cooking utensils, two ice boxes and a gas heater. Such property was

estimated to be of the value of $150 to $200 according to the various witnesses.

This court, by refusing the application for writ of error in the case of Southern National Insurance Company v. Cobb, Tex.Civ.App., 180 S.W. 155, approved the following definition of the word "vacant" as used in a fire insurance policy: "Vacant" means entire abandonment, deprived of contents, empty. The words "vacant" and "unoccupied" are not synonymous as used in the policy in the present case. The trial court, in submitting the issue of vacancy to the jury, having defined the term substantially in accordance with the above approved definition, we are unable to say, as a matter of law, that the above evidence does not support the finding of the jury that the house was not vacant within the quoted provision of the policy. It follows therefore that the judgments rendered by the lower courts must be affirmed.

Opinion adopted by the Supreme Court.