**24**

**GERMANIA FARM MUTUAL AID
ASSOCIATION, Appellant,**

v.

**Bobby D. ANDERSON and Lavern
Anderson, Appellees.**

**No. 4979.**

Court of Civil Appeals of Texas,
Waco.

Jan. 14, 1971.

Rehearing Denied Feb. 4, 1971.

Richard Spinn, Brenham, for appellant.

Byron L. McClellan, Gatesville, for appellees.

OPINION

WILSON, Justice.

Appellees' suit on a fire insurance policy issued by appellant was tried on a stipulation, the effect of which is that the sole issue is whether there is no evidence to support the jury verdict that the insured building was not "vacant".

The policy defined "vacant", as material here, as: that there is no person "living on the immediate premises continuously, as such person's main place of abode".

Mr. and Mrs. Anderson, owners of the property, were divorced after the policy was issued. The house was damaged by fire about a week after the divorce. For the last five years of the marriage Mr. Anderson's construction work required him to be absent from home except on weekends. They were permanently separated six months before the fire, and Mrs. Anderson then went to another town to work. A substantial portion of the household furnishings and personal belongings remained in the house, which was set aside to Mrs. Anderson in the divorce decree; much had also been removed, including a gas cookstove. Mrs. Anderson had electric power and gas disconnected because of lack of funds. She visited the house on her days off once each week to "see if everything was all right", but she did not sleep there. She testified she maintained the house as the home for herself and children. Mr. Anderson continued to return to the house and occupy it each week-end, and to work out of town during the week. There was testimony Mr. Anderson continued to

"make his home" there, where he left his clothing and received his mail. During the week he lived in a rented house or rooms in other cities.

Neither party has cited any authority to assist in determining the question at issue. "Living on the premises" is the term used in the policy which we are first required to apply to the facts. It is not a legal term. The only decision we have discovered attempting to define it is Leroux v. Industrial Accident Commission, 140 Cal.App. 569, 35 P.2d 624, 626, where the court said persons "living on the premises" include "the actual stated dwellers there even though may have a technical domicile elsewhere", and implying a "fixed, regular, established place of abode or residence with the idea of at least relative permanency, as distinguished from mere temporary or transitory presence at a particular place for a brief time and a limited purpose"; to "reside, to abide". This definition is of little assistance, for the policy itself qualifies the term by the added words: as the "main place of abode" and "continuously". See 54 C.J.S. p. 635.

"Abode", a term of ordinary meaning, is simply a synonym for residence or dwelling. 1 Words & Phrases (Perm.Ed.) p. 201. To "reside continuously" is construed to authorize "brief temporary absences where intention of returning is clear", and is not used literally as requiring one to remain at all times. 9 id., p. 345. Without the qualification in the contract, "vacant" means "entire abandonment, deprived of contents, empty". Phoenix Assur. Co., etc. v. Shepherd, (1940), 134 Tex. 669, 137 S.W. 2d 996; Knoff v. United States Fidelity and Guaranty Co. (Tex.Civ.App., 1969), 447 S.W.2d 497, 501. See Washington Fire Insurance Co. v. Cobb (Tex.Civ.App., 1914) 163 S.W. 608, 612; 4A Appleman, Insurance (1969), Sec. 2833, p. 489, 495 et seq.; Sec. 2835, p. 505; 8 Couch, Insurance 2d (1961) Secs. 37:814, 37:826, 37:851.

"Continuously" as used in connection with a vacancy clause is held to authorize "more than one period of unoccupancy to exist", and "does not imply that someone shall remain in the building all of the time without interruption". 4A Appleman, Insurance (1969), Sec. 2834, p. 504. See Washington Fire Insurance Co. v. Cobb, above.

Although the question has posed difficulty, we are unable to conclude that there is no evidence to support the jury finding under the policy definition of "vacant".

Appellant does not attack the verdict on insufficiency of the evidence. It says the court erred in overruling its motion for judgment non obstante veredicto on this ground. The trial court is not authorized to grant such motion on that ground, but only if an instructed verdict would have been proper. Gulf, Colorado & Santa Fe Ry. Co. v. Deen (1958), 158 Tex. 466, 312 S.W.2d 933, 937. The point presents nothing for review.

Affirmed.