The FARMER'S MUTUAL PROTECTIVE ASSOCIATION OF
TEXAS, Appellant,

v.

B.S. WRIGHT and wife, Myrna M.
Wright, Appellees.

No. 11–85–171–CV.

Court of Appeals of Texas,
Eastland.

Dec. 19, 1985.

**296**

Zollie C. Steakley, Wilks & Steakley, Sweetwater, for appellant.

Davis Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellees.

McCLOUD, Chief Justice.

B.S. Wright and his wife, Myrna M. Wright, insureds, sued Farmer's Mutual Protective Association of Texas, insurer, for recovery on a fire insurance contract. At the time of trial, the insureds were 70 years old, and they had been married about six-and-a-half years. At the time of their marriage, each owned a house. The house owned by Mrs. Wright is located in the town of Rotan (Rotan house), and the house owned by Mr. Wright was located fourteen miles outside of the town of Rotan (country house). The insureds lived in the country house until January 1984 when they moved to the Rotan house because they were unable to find a tenant for the

Rotan house. The country house was destroyed by fire in September 1984. The insureds seek to recover $40,000 under their fire insurance policy on the country house. The insurer denies liability based upon the "unoccupied property" clause of the policy which states:

UNOCCUPIED PROPERTY—Insurance on an occupied dwelling and its appurtenances automatically terminates six months after the dwelling becomes unoccupied. If the member wishes to retain insurance thereon, the member must report the unoccupancy to the local adjuster or sales representative within such first six months, and must then pay (before such first six months had expired) the increased rates fixed by the Board for unoccupied property.

In a nonjury trial, the trial court entered judgment for the insureds for $40,000. We affirm.

The insurer asserts both no evidence and factually insufficient evidence points for review. The insureds claim that the insurer waived its factually insufficient evidence points of error because the insurer failed to file a motion for new trial under TEX.R.CIV.P. 324(b).[1] Prior to the April 1, 1984, amendment to Rule 324, the rule in a nonjury case was that "neither an attack upon the legal or factual sufficiency of the evidence required a motion for new trial as a predicate to an attack on appeal of the legal or factual sufficiency of the evidence." *Litton Industrial Products, Inc. v. Gammage*, 668 S.W.2d 319, 323 (Tex.1984); See *Brown v. Brown*, 590 S.W.2d 808 (Tex.Civ.App.—Eastland 1979, writ dism'd). The amendment to Rule 324 makes it clear that a motion for new trial is not required in a nonjury case to attack on

---

1.  TEX.R.CIV.P. 324(b) provides:
    (b) Motion for New Trial Required. A point in a motion for new trial is a prerequisite to the following complaints on appeal:
    (1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;
    (2) A complaint of factual insufficiency of the evidence to *support a jury finding;*

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;
(4) A complaint of inadequacy or excessiveness of the damages found by the jury; or
(5) Incurable jury argument if not otherwise ruled on by the trial court. (Emphasis added)

appeal the legal or factual sufficiency of the evidence.

There were no findings of fact and conclusions of law requested by the insurer or made by the trial court. In this situation the judgment of the trial court imports all findings necessary to support it, and this Court must affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716 (Tex.1984); *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977).

■■■ Insurer argues that the trial court erred in its "implied finding" that the country house was occupied because there is no evidence to support this implied finding. In considering the no evidence point, we view the evidence in the light most favorable to the judgment "considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings." *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263, 265 (Tex.1974). Under a no evidence point of error, this Court must determine whether there is some evidence to support the judgment. *Keller Industries, Inc. v. Reeves*, 656 S.W.2d 221, 226 (Tex.App.—Austin 1983, writ ref'd n.r.e.); See *Schaefer v. Texas Employers' Insurance Association*, 612 S.W.2d 199 (Tex. 1980).

The Supreme Court in *Blaylock v. American Guarantee Bank Liability Insurance Company*, 632 S.W.2d 719, 721 (Tex. 1982), defined the term "occupied":

> A house is "occupied" when human beings habitually live in it as a place of abode; a house is unoccupied when it ceases to be used for living purposes or as a customary place of human habitation. *Republic Ins. Co. v. Watson*, 70 S.W.2d 441 (Tex.Civ.App.—Beaumont 1934, writ dism'd); *Transcontinental Ins. Co. of New York v. Frazier*, 60 S.W.2d 268 (Tex.Civ.App.—Waco 1933, no writ); 4A Appleman, Insurance Law and Practices sec. 2833; 8 Couch on Insurance 2d sec. 37:836.

The term "abode" is a synonym for residence or dwelling. *Germania Farm Mutual Aid Association v. Anderson*, 463 S.W.2d 24, 25 (Tex.Civ.App.—Waco 1971, no writ).

■■ The insurer and the insureds disagree over whether two houses can be "occupied" at the same time. The insurer argues that only one of the two houses can be "occupied" as the insureds' customary place of habitation and abode. We disagree. Instead, we agree with the rationale of the Supreme Court in *East Texas Fire Ins. Co. v. Kempner*, 34 S.W. 393, 400 (Tex.1896):

> [I]n ascertaining the meaning of the words "vacant and unoccupied," they should not be taken in a technical and narrow sense, but should be taken in their ordinary sense, as commonly used and understood, and, if the sense in which they are used is uncertain, they should be construed more favorably to the insured.

More recently, the Supreme Court applied this reasoning in *Blaylock v. American Guarantee Bank Liability Insurance Company, supra:*

> [W]hen the language used [in an insurance contract] is subject to two or more reasonable interpretations, the construction which affords coverage will be adopted. *Glover v. National Insurance Underwriters*, 545 S.W.2d 755 (Tex. 1977); *United Founders Life Ins. v. Carey*, 363 S.W.2d 236 (Tex.1962). The policy of strict construction against the insurer is especially strong when the court is dealing with exceptions and words of limitation. *Ramsay v. Maryland American General Ins. Co.*, 533 S.W.2d 344 (Tex.1976).

We hold that the term "unoccupied property," as used in the insureds' policy covering the country house, does not limit the insureds to only one occupied house.

■■ There is some evidence that the country house was occupied because there is evidence that the country house was used for living purposes, used as a place of abode, and it was a customary place of human habitation. The record demon-

strates the following: Mr. Wright would go out to the country house every day to check on and feed their cattle; he frequently, if not daily, took naps at the country house; on occasion Mrs. Wright would accompany her husband, and she would also take naps at the house; the yard at the country house was mowed twice a month; all of Mr. Wright's furniture was left in the country house; the country house retained all utilities except electricity up until the time of the fire; and the insureds would have moved back to the country house from the Rotan house had they found a tenant for the Rotan house. Therefore, we find that there is some evidence to support the trial court's implied finding that the country house was occupied at the time it was destroyed by fire.

The insurer also argues that the evidence is factually insufficient to support the trial court's "implied finding" that the country house was occupied at the time of the fire. In considering this factually insufficient evidence point, this Court must consider and weigh all the evidence and reverse the trial court only if the finding that the country house was occupied is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Dyson v. Olin Corporation,* 692 S.W.2d 456, 457 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The insurer argues that the following additional facts establish that the country house was unoccupied: the insureds had moved to the Rotan house; the insureds admitted that they were "living" in the Rotan house; the country house was listed by the insureds with a real estate agent for sale, and the listing was not revoked; Mrs. Wright's furniture had been moved out of the country house and into the Rotan house; the insurance on the contents of the country house was cancelled; telephone service had been terminated; the insureds never spent the night at the country house after moving to the Rotan house in January 1984; mail was received by the insureds at the Rotan house; and the insureds chose to live in the Rotan house.

Whether or not a house is "occupied" is generally a question of fact for the trier of fact. See *Transcontinental Ins. Co. of New York v. Frazier,* 60 S.W.2d 268 (Tex.Civ.App.—Waco 1933, no writ); *Hudson Ins. Co. v. McKnight,* 58 S.W.2d 1088 (Tex.Civ.App.—Waco 1933, no writ). We find that the evidence in the instant case presented a question of fact for determination by the trial court.

After carefully reviewing all the evidence, we hold that the trial court's implied finding, that the Wrights customarily used and occupied the country house as a place of human habitation or dwelling, is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

The insurer's points of error are overruled.

The judgment of the trial court is affirmed.