In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00127-CV


______________________________





IN THE MATTER OF THE MARRIAGE



OF ELIZABETH BRADDOCK AND



DAVID M. HEIMER









 


On Appeal from the 76th Judicial District Court


Camp County, Texas


Trial Court No. 97-2265




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 This is an appeal from a judgment in a suit for divorce from a common-law marriage. David
Heimer appeals, raising several challenges to the legal and factual sufficiency of the evidence
supporting the trial court's judgment. 

 In October of 1994 Elizabeth Braddock and David Heimer began living together in
Braddock's home. They had married and divorced each other several years earlier. In order to raise
money to satisfy a tax debt, Braddock conveyed two pieces of real property to Heimer for
$45,000.00. Heimer borrowed the $45,000.00 from a bank. Braddock personally guaranteed the
loan and made the loan payments. Heimer refused to reconvey the property to Braddock, and
Braddock sued for divorce from their common-law marriage. The trial court found that Braddock
and Heimer had not effected a valid common-law marriage. The court also found that Heimer
promised to reconvey the property to Braddock after Braddock had paid back some portion of the
$45,000.00; that Heimer breached this promise; that Heimer and Braddock were in a confidential
relationship; and that Braddock was therefore entitled to have this property placed in a constructive
trust so that it could be sold and the proceeds divided equally between the parties after payment of
the debt and sale costs.

 Findings of fact entered in a case tried to the court are of the same force and dignity as a
jury's answers to jury questions. The trial court's findings of fact are reviewable for legal and factual
sufficiency of the evidence to support them by the same standards that are applied in reviewing the
legal or factual sufficiency of the evidence supporting a jury's answers to jury questions. Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).

 In considering a legal sufficiency or no evidence point, we consider only the evidence that
tends to support the findings of the court and disregard all evidence and inferences to the contrary.
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); Worsham Steel Co. v. Arias, 831 S.W.2d 81, 83
(Tex. App.-El Paso 1992, no writ). A no evidence point will be sustained when (a) there is a
complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to
prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the
opposite of the vital fact. Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of
Error, 38 Tex. L. Rev. 361, 362-63 (1960). More than a scintilla of evidence exists when the
evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex.
1994). When we sustain a no evidence point, we render judgment for the appellant. Vista Chevrolet,
Inc. v. Lewis, 709 S.W.2d 176 (Tex. 1986).

 A factual sufficiency challenge requires us to examine all of the evidence in determining
whether the finding in question is so against the great weight and preponderance of the evidence as
to be manifestly unjust. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). In an
appeal from a bench trial, we cannot substitute our conclusions for those of the trial court if there
is sufficient competent evidence of probative force to support the trial court's findings. Lindsey v.
Lindsey, 965 S.W.2d 589, 591 (Tex. App.-El Paso 1998, no pet.). If the factual sufficiency
challenge is sustained, we explain in detail how the contrary evidence greatly outweighs the evidence
supporting the verdict, Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998), and
reverse and remand the cause for a new trial. Ames v. Ames, 776 S.W.2d 154, 158 (Tex. 1989). 

 Heimer first disputes the legal and factual sufficiency of the evidence supporting the trial
court's finding that he breached a promise to reconvey the real property to Braddock. Braddock
argues that a factual sufficiency complaint has not been preserved for appeal because it was not
raised in a motion for new trial with sufficient specificity to state clearly the nature of the complaint. 
Tex. R. Civ. P. 324 provides that a motion for new trial is a prerequisite to appeal on the basis of
insufficient evidence only in a jury trial. In nonjury cases, a motion for new trial is not a requirement
to attack on appeal either the legal or factual sufficiency of the evidence. Owen v. Porter, 796
S.W.2d 265, 268 (Tex. App.-San Antonio 1990, no writ); Farmer's Mut. Protective Ass'n v. Wright,
702 S.W.2d 295, 296-97 (Tex. App.- Eastland 1985, no writ). We therefore may properly review
both the legal and factual sufficiency of the trial court's findings. 

 The trial court found that Heimer agreed with Braddock to reconvey the property to her 
sometime after the loan for the $45,000.00 was obtained and that Heimer refused to do so. Heimer
denies the existence of any agreement. He argues in the alternative that if an agreement did exist,
Braddock's own trial testimony shows that the agreement was to reconvey the property when the
$45,000.00 loan had been fully paid back or "close to it." Because the loan was not fully paid or
nearly paid when Braddock requested a reconveyance, Heimer argues, he did not breach any
agreement by failing to reconvey the property. To this, Braddock answers that Heimer committed
anticipatory repudiation. 

 Repudiation may be proven by words or actions by a contracting party that indicate he is not
going to perform his contract in the future. Chavez v. Chavez, 577 S.W.2d 306, 307 (Tex. Civ.
App.-El Paso 1979, writ ref'd n.r.e.). It is conduct that shows a fixed intention to abandon, renounce,
and refuse to perform the contract. Hubble v. Lone Star Contracting Corp., 883 S.W.2d 379, 382
(Tex. App.- Fort Worth 1994, writ denied). Braddock testified that Heimer told her that he was not
going to reconvey the property. Heimer testified that he had never agreed to reconvey the property,
that he and Braddock had several conversations on the matter, and that he told her he was not going
to reconvey the property to her. On appeal, Heimer presents no argument on the issue of anticipatory
repudiation. The trial court made no explicit finding that Heimer committed an anticipatory breach. 
Nevertheless, we will assume that the trial court made implied findings of fact that support its ruling
as long as those findings are supported by the record, and we will affirm the trial court's decision if
it is correct on any theory of law applicable to the case. Point Lookout W., Inc. v. Whorton, 742
S.W.2d 277, 278 (Tex. 1987). Although the evidence is conflicting, it is legally and factually
sufficient to support the trial court's finding that an agreement existed and that Heimer committed
an anticipatory breach of it. We may not interfere with the fact finder's resolution of conflicts in the
evidence. See Am.'s Favorite Chicken Co. v. Samaras, 929 S.W.2d 617, 628-29 (Tex. App.- San
Antonio 1996, writ denied). 

 The second issue is whether the evidence is legally and factually sufficient to establish the
existence of a confidential relationship between Heimer and Braddock. The existence of a
confidential relationship giving rise to an informal fiduciary relationship is ordinarily a question of
fact. Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex. 1962). However, when the issue is one of no
evidence, it becomes a question of law. Id. A confidential relationship giving rise to an informal
fiduciary relationship may arise from moral, social, domestic, or purely personal relationships. The
existence of the fiduciary relationship is to be determined from the actualities of the relationship
between the persons involved. Heimer's sole argument on appeal is that there must be unequal
bargaining power between the parties for there to be a confidential relationship giving rise to an
informal fiduciary relationship. He contends Braddock did not prove the existence of unequal
bargaining power between himself and Braddock. 

 Heimer relies on Lovell v. W. Nat'l Life Ins. Co., 754 S.W.2d 298 (Tex. App.- Amarillo 1988,
writ denied). Lovell does not support Heimer's argument. That case holds that the duty of good faith
and fair dealing exists only if intentionally created by express language in a contract or unless a
special relationship of trust and confidence exists between the parties to the contract. Id. at 302
(citing Arnold v. Nat'l County Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987); English v.
Fischer, 660 S.W.2d 521, 524 (Tex. 1983) (Spears, J., concurring)). The special relationship
necessary to create such a duty of good faith and fair dealing arises either from the element of trust
necessary to accomplish the goals of the contract, or has been imposed by the courts because of an
imbalance of bargaining power. Lovell, 754 S.W.2d at 302 (citing English v. Fischer, 660 S.W.2d
at 524 (Spears, J., concurring)). Thus, even assuming that no imbalance of bargaining power has
been shown by Braddock, the trial court could have found the confidential relationship creating a
fiduciary duty to have arisen from the element of trust necessary to accomplish the agreement. The
evidence shows that Braddock placed a great deal of trust in Heimer. She was previously married
to him. She allowed him to move in with her again on her property five years after they were
divorced. Heimer contends that Braddock did not support him, yet admits that for approximately
ten months while living with Braddock he was unemployed after he quit his job. Braddock allowed
Heimer to write checks on her banking account, which eventually became a joint banking account,
and she entrusted him with her financial affairs. We conclude that the evidence is legally and
factually sufficient to show the existence of a confidential relationship between Heimer and
Braddock. 

 The third issue is two-fold: whether as a matter of law the breach of an agreement to
reconvey real property may legally satisfy the fraud requirement for imposing a constructive trust;
and whether the evidence is legally and factually sufficient to satisfy the fraud requirement for
imposing a constructive trust. Heimer argues that even if the evidence shows an agreement to
reconvey and a breach of such agreement, fraud is necessary to establish a constructive trust, and a
breach of the agreement alone is insufficient evidence of fraud. He contends that without greater
evidence of fraud, such as proof that he never intended to reconvey the property even though he had
agreed to do so, a constructive trust may not be imposed. 

 A constructive trust is not actually a trust, but is an equitable remedy imposed by law to
prevent unjust enrichment resulting from an unconscionable act. Ellisor v. Ellisor, 630 S.W.2d 746,
748 (Tex. App.-Houston [1st Dist.] 1982, no writ). Likewise, a constructive trust is imposed as an
equitable remedy where there is a confidential relationship between a grantor and a grantee, and the
grantor relies on the oral promise of the grantee to reconvey the property. Stout v. Clayton, 674
S.W.2d 821, 823 (Tex. App.-San Antonio 1984, writ ref'd n.r.e.). The courts will not ordinarily
enforce an oral contract, but instead will impose a constructive trust based on the violation of a
fiduciary duty and to prevent unjust enrichment. Omohundro v. Matthews, 161 Tex. 367, 341
S.W.2d 401, 405 (1960). An express agreement between the parties is not needed to create a
constructive trust. It is imposed by law because the person holding title to the property would profit
by wrongdoing or would be unjustly enriched if he were permitted to retain the property. Id. at 405;
Hudspeth v. Stoker, 644 S.W.2d 92, 94 (Tex. App.- San Antonio 1982, writ ref'd). 

 To justify imposing a constructive trust, either actual fraud or constructive fraud must be
present. Exploration Co. v. Vega Oil & Gas Co., 843 S.W.2d 123, 127 (Tex. App.- Houston [14th
Dist.] 1992, writ denied); Rogers v. Winn, 329 S.W.2d 319, 324 (Tex. Civ. App.- San Antonio 1959,
writ ref'd n.r.e.). Where the grantor voluntarily conveys to the grantee on a false oral promise that
the grantee will reconvey, there is actual fraud justifying the imposition of a constructive trust.
Thigpen v. Locke, 363 S.W.2d at 250. But even if the transferee received the property when he
intended to perform his promise and was not guilty of fraud in acquiring it, and even though the
transferee did not take improper advantage of the confidential relationship in procuring the transfer
and was not guilty of using undue influence, a constructive trust may still be appropriate because the
abuse of the confidential relationship consists in the failure to perform the promise. Mills v. Gray,
147 Tex. 33, 210 S.W.2d 985, 988 (1948). The failure to perform the promise is constructive fraud
that will give rise to a constructive trust. We therefore hold that within the context of a confidential
relationship, the breach of an agreement to reconvey real property may constitute constructive fraud
and therefore legally satisfy the fraud requirement for imposing a constructive trust.

 In our case, the trial court found that a confidential relationship existed; an agreement to
reconvey the property to Braddock existed; Braddock was induced to sign the deed conveying the
property to Heimer by the agreement and the confidential relationship; and Braddock breached the
agreement. The court did not specify whether it found that Heimer committed actual or constructive
fraud. We have already upheld the trial court's determinations that a confidential relationship
existed, that the agreement existed, and that Heimer breached it. Therefore, we have already upheld
a case for constructive fraud. Furthermore, there is sufficient evidence to support the trial court's
conclusion that actual fraud existed. Heimer consistently maintained that he never agreed to
reconvey the property. It is not an unreasonable inference to conclude that a person who makes an
agreement and later denies its existence never intended to fulfill the agreement in the first instance. 
There was also additional evidence of Heimer's fraudulent behavior. Heimer admitted that while he
was living with Braddock and drawing money from her account to pay living expenses, he kept
undisclosed from her the existence of a bank account containing approximately $35,000.00. 
Braddock's testimony was that Heimer had told her that he had received nothing from his parents'
estate, the source of the money. Given this evidence, the court was authorized to implicitly find that
sufficient fraud was committed, either actual or constructive, to establish a constructive trust. 

 The fourth and fifth issues may be discussed together. The fourth issue is whether the
evidence is legally and factually sufficient to establish that Heimer was entitled to reimbursement
for assets expended for enhancing the real property. The fifth issue is whether the evidence is legally
and factually sufficient to establish that Heimer was entitled to reimbursement for assets expended
to benefit the community estate or Braddock's separate estate. In Heimer's answer, he conditioned
his requests for reimbursement on the court's finding of an informal marriage. He raised no
alternative theory for reimbursement if the court should find no marriage existed. The court found
that no informal marriage existed. Thus, it properly did not consider further his claims for
reimbursement. Heimer suggests in a footnote that the theory of quantum meruit applies here, but
he fails to present any argument or cite any case explaining why we should consider this theory for
the first time on appeal, or even how the evidence establishes the elements of quantum meruit. 


 For the reasons stated, we affirm the trial court's judgment.


 William J. Cornelius

 Chief Justice


Date Submitted: November 8, 2001

Date Decided: December 12, 2001


Publish