NUMBER
13-01-604-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

W. B.,                                                                                 Appellant,

 

                                                   v.

 

TEXAS DEPARTMENT OF PROTECTIVE 

AND
REGULATORY SERVICES,                                               Appellee.

___________________________________________________________________

 

                        On
appeal from the 135th District Court

                                  of Victoria County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, W.B., the biological father of a minor child, brings
this appeal following the trial court=s order
terminating his parental rights.  By one
point of error, W.B. contends the trial court erred in holding the evidence
sufficient to prove termination of his parental rights was in the best interest
of the child.  We affirm.

I.  FACTS

Approximately one year after his child was born,
W.B. was arrested for delivery of a controlled substance.  Several months later, the child=s mother was
arrested for possession of a controlled substance.  The child was subsequently removed from the
mother=s possession
due to the mother=s drug use and
failure to provide medical treatment for the child.  The Texas Department of Protective and
Regulatory Services (DPRS) was appointed temporary
managing conservator of the child. 
Later, W.B., who was on probation, was sentenced to sixty years
imprisonment.  In the years following,
several dispositional hearings were held and DPRS continued as permanent managing
conservator.  W.B. asked DPRS to place
the child in the care of his sister but received no response.

II. PRESERVATION OF ERROR








We first address the State=s argument that
W.B. failed to properly preserve error and has waived his right to raise this
issue on appeal.  In a jury trial, there
are four ways to preserve a challenge to the legal sufficiency of the evidence:
(1) a motion for instructed verdict; (2) an objection to the submission of a
jury question; (3) a motion for judgment notwithstanding the verdict; and (4) a
motion for new trial.  In re I.V.,
61 S.W.3d 789, 794 (Tex. App.BCorpus Christi
2001, no pet.) (citing Cecil v. Smith,
804 S.W.2d 509, 510-11 (Tex. 1991)). 
However, a party appealing the sufficiency of evidence in a non-jury
trial need not present an objection or motion to preserve appellate review.  See Tex.
R. Civ. P. 324; Tex.
R. App. P. 33.1; Park v. Essa Tex. Corp., 311 S.W.2d 228, 229
(Tex. 1958); Regan v. Lee, 879 S.W.2d 133, 136 (Tex. App.BHouston [14th
Dist] 1994, no writ).  Because W.B. is
challenging the sufficiency of evidence from a non-jury trial, we may address
his appeal. 

III. 
SUFFICIENCY CHALLENGE

By his sole point of error, W.B. contends the trial court erred
in terminating his parental rights because the evidence was insufficient to
show termination of parental rights was in the best interest of the child.  Texas courts of appeals are divided on
whether the clear and convincing standard of review required at trial to
terminate parental rights requires a stricter standard of appellate
review.  See In re I.V., 61 S.W.3d
at 794; compare In re B.R., 950 S.W.2d 113, 117 (Tex. App.BEl Paso 1997,
no pet.).  However, this court does not
apply an elevated standard of review when examining the sufficiency of the
evidence in termination of parental rights cases.  In re I.V., 61 S.W.3d at 794; see In re
A.D.E., 880 S.W.2d 241, 245-46 (Tex. App.BCorpus Christi
1994, no writ).  








A trial court=s findings are
reviewable for legal and factual sufficiency of evidence by the same standards
of review that are applied in reviewing legal or factual sufficiency supporting
a jury=s answers to
jury questions.  In re Braddock, 64
S.W.3d 581, 584 (Tex. App.BTexarkana 2001,
no pet.) (citing Anderson v. City of Seven Points,
806 S.W.2d 791, 794 (Tex. 1991)).  Review
of legal sufficiency challenges requires an appellate court to consider
all of the evidence in the light most favorable to the party in whose favor the
verdict was rendered, indulging every reasonable inference in that party=s favor.  See In re B.S.T., 977 S.W.2d 481, 483
(Tex. App.BHouston [14th
Dist.] 1998, no pet.) (citing Associated Indem.
Corp. v. Cat Contracting, Inc., 964 S.W.2d 276, 285-86
(Tex. 1998)).  In reviewing
factual sufficiency challenges, the court must review all of the evidence
supporting and contrary to the finding.  See Plas-Tex., Inc. v. U.S.
Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  The verdict should be set aside only if the
evidence which supports the finding is so weak as to be clearly wrong and
unjust.  See In re B.S.T., 977 S.W.2d at 483.

IV. 
ANALYSIS

The Texas Family Code allows for involuntary termination of
parental rights when (1) the parent has engaged in conduct described in section
161.001 and (2) the termination would be in the best interest of the
child.  See Tex. Fam. Code. Ann. ' 161.001(1), (2) (Vernon 1996 & Supp. 2002).









In determining the child=s best
interests, the fact finder may consider the child=s present and future physical and
emotional needs.  See Holley, 544
S.W.2d at 371-72; In re R.D., 955 S.W.2d 364, 367 (Tex. App.BSan Antonio
1997, pet. denied).  The court in Holley,
lists several factors a court may consider to determine whether termination of
parental rights is in the best interest of the child.  See Holley, 544 S.W.2d
at 372.  The list is not
exhaustive, but includes: (1) the desires of the child; (2) the emotional and physical
needs of the child now and in the future; (3) the parental abilities of the
individuals seeking custody; and (4) the acts/omissions of the parent which may
indicate that the existing parent-child relationship is not proper.  See id.; see also, In re J.M.T.,
39 S.W.3d 234, 240 (Tex. App.BWaco 1999, no
pet.).

The first element required to terminate parental rights was
fulfilled upon W.B.=s conviction and imprisonment.  See Tex.
Fam. Code. Ann. ' 161.001(1)(q) (engaged in criminal
conduct that resulted in his conviction of an offense, confinement to prison
and inability to care for the child for not less than two years from the date
of filing of the petition).  Therefore,
the only issue on appeal is whether the evidence supports a finding that
termination of parental rights is in the best interest of the child, the second
element required to terminate parental rights. 
See In re J.M.T., 39 S.W.3d at 240.








There is a strong presumption that the best interest of
children will be served by preserving the parent-child relationship.  See Wiley v. Spratlan, 543 S.W.2d 349,
351 (Tex. 1976); In re J.M.T., 39 S.W.3d at 240.  The child=s best interest must be proved by clear
and convincing evidence.  See In re
R.D., 955 S.W.2d at 368.  Clear and convincing evidence is an
intermediate standard falling between the Apreponderance
of evidence@ standard of
civil proceedings and the Abeyond a
reasonable doubt@ standard of
criminal proceedings.  See In re G.M.,
596 S.W.2d 846, 847 (Tex. 1980); In re A.D.E., 880 S.W.2d 241, 245 (Tex.
App.BCorpus Christi
1994, no writ).  Incarceration alone
cannot support a termination of parental rights. See Tex. Dep=t of Human
Servs. v.
Boyd, 727 S.W.2d 531, 533 (Tex. 1987); In re Caballero, No.
07-00-0278-CV, 2001 Tex. App. LEXIS 1688, at *8 (Amarillo March 14, 2001, pet.
denied).  Once DPRS has established a
parent=s knowing
criminal conduct resulted in their incarceration for more than two years, the
parent must produce some evidence as to how he would provide or arrange to
provide care for the child during that period.  See In re Caballero, 2001 Tex. App. LEXIS
1688, at *9-*10.  If the appealing party
meets this burden, DPRS would then have the burden to prove the arrangement
would not satisfy the parent=s duty to the
child.  Id.  

In the case at bar, W.B. was sentenced to sixty years
imprisonment.  He has been incarcerated
since the child was two years old and remains incarcerated to the present
day.  W.B. requested DPRS to place the
child in his sister=s custody.  Normally, this request would be evidence
supporting preservation of the parent-child relationship.  However,  W.B. waited over four years to make
this request.  Also, W.B. has failed to
keep contact with the child since his incarceration.[1]  Therefore, based on W.B.=s incarceration
and his failure to establish and maintain contact with his child we conclude
the evidence is legally sufficient to support the trial court=s finding.  See In re B.S.T., 977
S.W.2d at 483.








After considering and weighing all the evidence, we conclude
the trial court could have reasonably found that the basis for termination of
W.B.=s parental
rights was established by clear and convincing evidence.  Id.  The evidence that termination of parental
rights is in the best interest of the child is not so weak as to be clearly
wrong and unjust.  Id.  W.B.=s point of
error is overruled.  Accordingly, the
trial court=s judgment is
affirmed. 

NELDA
V. RODRIGUEZ

Justice

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and
filed

this 3rd day of July,
2002.

 











[1]W.B.
sent three letters to his child, which is the only contact he has had with the
child during his incarceration.