COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

MARIA ESTHER FLORES,
Individually and         )

as Next Friend of KEVIN
FLORES and                )

IVANA FLORES,
Minors,                                    )              
No.  08-05-00104-CV

                                                                              )

Appellants,                         )                    Appeal from the

                                                                              )

v.                                                                           )                
168th District Court

                                                                              )

JUAN ANTONIO FLORES, SR.,
BERTA G.      )            of El Paso County, Texas

FLORES, and ANGELICA FLORES,                  )

                                                                              )                 
(TC# 2004-2406)

Appellees.                          )

                                                                              )

 

 

O
P I N I O N

 








Appellants Maria
Esther Flores, Individually and as Next Friend of Kevin Flores and Ivana
Flores, Minors, appeal the trial court=s
judgment granting summary judgment in favor of Appellees Juan Antonio Flores,
Sr., Berta G. Flores, and Angelica Flores in their suit to quiet title to real
property and alternatively in trespass to try title based on adverse
possession.  In their action, Appellants
alleged that they were the owners of the real property located at 10413 Montevideo, Socorro,
 Texas by virtue of a parol gift
by Mr. Flores, Sr. and Berta Flores in 1991. 
They also claimed ownership of the property by adverse possession for a
ten-year period.  Appellees filed a
hybrid motion for summary judgment, challenging Appellants= legal claims.  The trial court granted the summary judgment
motion without specifying the grounds relied upon for its ruling.  We affirm.

In their sole
issue, Appellants challenge the trial court=s
order granting summary judgment in favor of Appellees.  The standards for reviewing traditional and
no-evidence summary judgment rulings are well-established.  In a traditional summary judgment proceeding,
the standard of review on appeal is whether the successful movant at the trial
level carried the burden of showing that there is no genuine issue of material
fact and that judgment should be granted as a matter of law.  See Tex.R.Civ.P.
166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Wyatt v.
Longoria, 33 S.W.3d 26, 31 (Tex.App.‑-El Paso 2000, no pet.).  Thus, the question on appeal is not whether
the summary judgment proof raises fact issues as to required elements of the
movant=s cause
or claim, but whether the summary judgment proof establishes, as a matter of
law, that there is no genuine issue of material fact as to one or more elements
of the movant=s cause
or claim.  Gibbs v. General Motors
Corp., 450 S.W.2d 827, 828 (Tex.
1970); Wyatt, 33 S.W.3d at 31.  In
resolving the issue of whether the movant has carried this burden, all evidence
favorable to the nonmovant must be taken as true and all reasonable inferences,
including any doubts, must be resolved in the nonmovant=s
favor.  Nixon v. Mr. Property
Mgmt. Co., Inc., 690 S.W.2d 546, 548‑49 (Tex. 1985).








A no‑evidence
summary judgment under Tex.R.Civ.P.
166a(i) is essentially a pretrial directed verdict, and a reviewing court
applies the same legal sufficiency standard. 
Wyatt, 33 S.W.3d at 31. 
The party moving for summary judgment on this basis must specifically
state the elements as to which there is no evidence.  See Tex.R.Civ.P.
166a(i).  The burden then shifts to the
nonmovant to produce evidence raising a fact issue on the challenged
elements.  Id. 
When reviewing a no‑evidence summary judgment, the reviewing court
views the evidence in the light most favorable to the nonmovant, disregarding
all contrary evidence and inferences.  Merrell
Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
A no‑evidence summary judgment is improperly granted if the
respondent brings forth more than a scintilla of probative evidence to raise a
genuine issue of material fact.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). 
More than a scintilla of evidence exists when the evidence rises to a
level that would enable reasonable, fair‑minded persons to differ in
their conclusions.  Havner, 953
S.W.2d at 711.  Less than a scintilla of
evidence exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion of a fact.  Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). 
Where the trial court=s
judgment does not specify the ground or grounds relied upon for its ruling, as
in this case, the summary judgment must be affirmed if any of the theories
advanced is meritorious.  Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex.
1989).








We first address
Appellants=
contention that Appellees=
no-evidence motion for summary judgment should have been denied because it was
prematurely filed.  In their brief,
Appellants assert that the no-evidence motion was premature because adequate
time for discovery had not passed under Rule 190.3 of the Texas Rules of Civil
Procedure.  Specifically, Appellants
argue that in this case, the discovery period remained open until August 6,
2005 but the trial court entered its judgment on February 9, 2005.  Ordinarily, a no‑evidence motion for
summary judgment would not be permitted during the discovery period.  See Tex.R.
Civ.P. 166a(i), Comment-1997. 
When a party contends that it has not had an adequate opportunity for
discovery before a summary judgment hearing, it must file either an affidavit
explaining the need for further discovery or a verified motion for
continuance.  Tenneco Inc. v.
Enterprise Products Co., 925 S.W.2d 640, 647 (Tex. 1996). 
Appellees filed their summary judgment motion on November 8, 2004.  The motion was set for a hearing to be held
on January 27, 2005.  Appellants did not
file an affidavit or a motion for continuance. 
Therefore, Appellants have waived their argument regarding an adequate
time for discovery.  See Blanche v.
First Nationwide Mortgage Corp., 74 S.W.3d 444, 450‑51 (Tex.App.‑-Dallas
2002, no pet.)(failure to file motion for continuance or affidavit explaining
need for further discovery before summary judgment hearing waives issue of
motion prematurity on appeal).  Further,
Appellants have failed to show the trial court abused its discretion by hearing
the no-evidence motion before the end of the discovery period.  See Brown v. Brown, 145 S.W.3d 745,
749 (Tex.App.‑-Dallas 2004, pet. denied).

Appellants also
contend that the trial court should have denied the no-evidence motion because
they brought forth more than a scintilla of probative evidence to raise a
genuine issue of material fact as to their ownership claims.  Appellants claimed that the property at 10413
Montevideo was
orally gifted to Mr. Flores, Jr. and Ms. Maria Flores by the parents of
Mr. Flores, Jr., Mr. Flores, Sr. and Mrs. Berta Flores.  Alternatively, Appellants asserted that their
possession of the residence was adverse and hostile to any claim of ownership
by Appellees and that this continuous adverse possession took place for more
than ten consecutive years.  








Generally, the
statute of frauds prohibits enforcement of an oral conveyance of real
property.  See Tex.Bus.&Com.Code Ann. ' 26.01(a), (b)(4)(Vernon Supp. 2006).  To relieve a parol gift of real estate from
the statute of frauds, one must show three elements:  (1) a gift Ain
praesenti,@ that is,
a present gift; (2) possession under the gift by the donee with the donor=s consent; and (3) permanent and
valuable improvements, the existence of such facts as would make it a fraud
upon the donee not to enforce the gift.  See
Thompson v. Dart, 746 S.W.2d 821, 825 (Tex.App.--San Antonio 1988, no
writ); see also Dawson v. Tumlinson, 150 Tex. 451, 242 S.W.2d 191, 192-93 (Tex. 1951). 
To be a gift in praesenti, the donor must, at the time he makes it,
intend an immediate divestiture of the rights of ownership out of himself and a
consequent immediate vesting of such rights in the donee.  Thompson, 746 S.W.2d at 825.  Three elements are necessary to establish the
existence of a gift:  (1) intent to make
a gift; (2) delivery of the property; and (3) acceptance of the property.  Id.  Further, the owner must release all dominion
and control over the property.  Id.

To support an
adverse possession claim, a claimant must be prove:  (1) actual possession of the disputed
property; (2) under a claim of right; and (3) that it is adverse or hostile to
the claim of the owner and was consistently and continuously so for the
duration of the statutory period.  Cherokee
Water Co. v. Freeman, 145 S.W.3d 809, 817 (Tex.App.‑-Texarkana 2004,
pet. denied).  Section 16.026(a) of the
Texas Civil Practices and Remedies Code provides that A[a]
person must bring suit not later than 10 years after the day the cause of
action accrues to recover real property held in peaceable and adverse
possession by another who cultivates, uses, or enjoys the property.@ 
Tex.Civ.Prac.&Rem.Code Ann.
' 16.026(a)(Vernon 2002).  Possession must not only be actual, but also
visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such
a character as to indicate unmistakably an assertion of a claim of exclusive
ownership in the occupant.  Rhodes v.
Cahill, 802 S.W.2d 643, 645 (Tex. 1990); see also Tex.Civ.Prac.&Rem. Code Ann. ' 16.021(1)(adverse possession means Aactual and visible appropriation of
real property, commenced and continued under a claim of right that is
inconsistent with and is hostile to the claim of another person.@).













Viewing the
evidence in the light most favorable to Appellants, the summary judgment
evidence showed that Ms. Maria Flores and Mr. Juan Antonio Flores, Jr. were
married on December 29, 1990.  The
property located at 10413 Montevideo
had previously been owned by Mr. Flores, Jr.=s
grandfather and aunt.  The grandfather
died in November 1987 and the following year the aunt deeded the property to
Mr. Flores, Jr.=s
parents.  On December 14, 1990, Mr.
Flores, Sr. and Mrs. Berta Flores deeded the property to their daughter,
Angelica Flores.  In her affidavit, Ms.
Maria Flores claimed that her in-laws did this so that the property would not
affect their eligibility for governmental benefits.  Ms. Maria Flores also claimed that Angelica
Flores was Aholding
the title to the property@
for her parents.[1]  After their wedding, Mr. Flores, Jr. and Ms.
Maria Flores moved to San Diego,
 California where Mr. Flores, Jr.
was stationed.  According to Ms. Maria
Flores, in 1991, Mr. Flores, Sr. and Mrs. Berta Flores Aoffered to give [her] husband and [her]
the property located at 10413 Montevideo@
for them to finish the residential structure and live in when Mr. Flores,
Jr. finished his enlistment.  They
accepted the offer and in reliance, Mr. Flores, Jr. began sending money to his
father for numerous improvements to the residence.  In 1993, Mr. Flores, Jr. and Ms. Maria
Flores moved back to El Paso to live in the
residence at 10413 Montevideo.  From 1997 to 2000, the couple continued to
make improvements to the property.  Ms.
Maria Flores stated that she, her husband, until his death in 2001, and her
children maintained continuous physical possession of the property until
September 2002.  The affidavit of
heirship of Mr. Flores, Jr. stated that Mr. Flores, Jr. and Ms. Maria Flores
had exclusively resided at the property, constructed valuable improvements, and
paid property taxes, Awith
the understanding and expectation@
that the real property would be conveyed to them by deed.  Ms. Maria Flores also stated that she
had trusted that Appellees would fulfill their obligation and provide her
husband and her with a deed to the property and that on at least two occasions,
she asked her husband when his parents would give them the deed and was told
that for various reasons it would happen at a later date.








Even if Appellants= version to the facts are taken as
true, they failed to bring forth more than a scintilla of probative evidence to
raise a genuine issue of material fact as their ownership of the disputed
property based on either legal theory they asserted.  With regard to the parol gift theory, the
evidence showed that in December 1990, Mr. Flores, Sr. and Mrs. Berta Flores
conveyed the property to their daughter Angelica Flores.  Thus, in 1991 the property belonged to their
daughter and they had no title to give to Mr. Flores, Jr. and Ms. Maria Flores.  Any evidence that in 1991, Mr. Flores, Sr.
and Mrs. Berta Flores were the Aactual
owners@ of the
disputed property amounts to less than a scintilla and is so weak as to do no
more than create a mere surmise or suspicion of a fact.  See Kindred, 650 S.W.2d at
63.  Further, even if Mr. Flores, Sr. and
Mrs. Berta Flores were the owners of the property in 1991, there was no
evidence that they made a present gift of the property.  Rather, the evidence showed at most an intent
to make a gift at some future date.  As
to Appellants= adverse
possession claim, Ms. Maria Flores stated that she and her husband were married
in El Paso in December 1990, subsequently moved
to San Diego, California,
and then returned to El Paso in 1993 to reside
at 10413 Montevideo.  The couple=s
actual possession of the property began in 1993, thus Appellants= claim of adverse possession falls just
short of the requisite ten-year statutory period.  Because Appellants=
failed to raise a genuine issue of material fact as to at least one element in
each of the legal theories under which they claimed ownership to the property,
the trial court did not err in granting no-evidence summary judgment in favor
of Appellees.  Appellants= sole issue for review is overruled.

The trial court=s judgment is affirmed.

 

 

 

September
14, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

Barajas, C.J., Not Participating











[1]
Following the summary judgment hearing, Appellants filed a motion requesting
leave to file a second and third amended petition.  Appellants sought to add a cause of action
for imposition of a constructive or resulting trust as an alternative equitable
remedy.  In the pleading, Appellants
alleged that Mr. Flores, Sr. and Mrs. Berta Flores conveyed the property to
Angelica Flores as constructive trustee without the intent to make a gift of
the property to Angelica.  A constructive
trust is an equitable remedy created by the courts to prevent unjust
enrichment; a breach of a duty or actual or constructive fraud must be present
in order to impose a constructive trust. 
Medford v. Medford, 68 S.W.3d 242, 248
(Tex.App.--Fort Worth 2002, no pet.); In re Marriage of Braddock, 64
S.W.3d 581, 587 (Tex.App.--Texarkana 2001, no pet.).  In contrast, a resulting trust in favor of a
payor may arise when title to property is taken in the name of someone other
than the person who advances the purchase price.  Hubbard v. Shankle, 138 S.W.3d 474,
486 (Tex.App.--Fort Worth 2004, pet. denied). 
Regardless, the trial court denied Appellants=
request for leave to file a second and third amended petition, therefore this
separate cause of action was not part of the present suit.